EASTERN DIST.
*March*, 1838.

SEYMOUR *vs.* BOURGEAT ET AL.

SEYMOUR
*vs.*
BOURGEAT ET AL

| 12L | 123 |
| f52 | 1842 |
| 12 | 123 |
| 111 | 794 |
| 111 | 795 |

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT FOR THE PARISH OF POINT COUPEE, THE JUDGE OF THE SECOND PRESIDING.

In the settlement of the estates of deceased persons, all the property to which the deceased had any right or claim may be sold. A third party cannot arrest the sale by injunction, on pretence that he is the true owner, and in possession.

The law recognizes the sale of litigious rights, and courts have no power to prevent it.

The plaintiff alleges that he is the owner of a tract of land in the parish of Point Coupee, containing 2015 acres, which was originally granted by the Congress of the United States to General Lafayette, in 1824. He further shows, that he now is and has been ever since he became the owner, in the peaceable enjoyment and possession thereof; and that, notwithstanding all this, the land has been advertized for sale, by the probate judge, as part of the succession of Joseph Bourgeat, deceased, in violation of his rights, etc. Wherefore, he prays for an injunction to restrain and stop said sale. An injunction was granted accordingly.

The counsel for the representatives of Bourgeat's estate, moved to dissolve the injunction on several grounds; but principally, that from the plaintiff's own showing if he was the owner, the sale would be a nullity, and there was nothing to enjoin; and that there is no sufficient legal allegation in the petition to authorize an injunction.

The district judge presiding dissolved the injunction, and the plaintiff appealed.

*Mitchell*, for the plaintiff and appellant.

*Bradford* and *Johnson*, contra.

*Martin J.*, delivered the opinion of the court.

The plaintiff obtained an injunction to stay the sale of a tract of land, of which he alleges himself to be the owner

EASTERN DIST. *March,* 1838.

In the settlement of the estates of deceased persons, all the property to which the deceased had any right or claim may be sold. A third party cannot arrest the sale by injunction, on pretence that he is the true owner, and in possession.

The law recognizes the sale of litigious rights, and courts have no power to prevent it.

and in possession, advertised by the Court of Probates, as part of the estate of Bourgeat, whose heirs being made parties, prayed for the dissolution of the injunction which was ordered, the district judge being of opinion that " a party has no right to enjoin proceedings by which his rights cannot be affected ; being in possession of the property, the advertizing or even selling it by the Court of Probates, could not divest him of his possession, nor disturb his title. Should a sale be effected, and the purchaser attempt to exercise rights of ownership or possession, it would then be time enough to invoke the aid of the court. This sale might never be made, nor any eviction or disturbance experienced."

It appears to us the District Court did not err. In settling the estate of a deceased or insolvent person, it is often convenient not to wait until contested claims against parts of it may be enforced by a suit. In such cases, the rights of the estate are alone sold. The Civil Code recognizes the sale of litigious rights, and the courts have no authority to prevent it. *Louisiana Code,* 2623, 3522, *No.* 22.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.