183 So.2d 399 (1966)
CONTINENTAL OIL COMPANY, Plaintiff-Appellee,
v.
Rhynette J. ARCENEAUX et al., Defendants-Appellees,
Barbara Spell Bender et al., Defendants-Appellants.
No. 1652.
Court of Appeal of Louisiana, Third Circuit.
February 15, 1966.
Rehearing Denied March 9, 1966.
Writ Refused April 15, 1966.
*400 Edwards & Edwards, by Nolan J. Edwards, Crowley, for defendants-appellants.
Mouton, Champagne & Colomb, by Welton P. Mouton, Lafayette, John K. Dubiel, Fort Worth, Tex., for plaintiff-appellee.
Before TATE, FRUGE, and HOOD, JJ.
TATE, Judge.
This is a concursus proceeding, see LSA-C.C.P. Art. 4651. The plaintiff, Continental Oil, as owner of mineral leases, deposited into court the production royalties from a 55-acre tract, impleading all claimants. The trial court decided the tract's ownership in favor of one set of contestants, and the other appealed.
The 55-acre tract at issue was originally owned by Preston Spell, who died in 1923. Daniel Spell, one of the decedent's twelve children, purchased the land at administrator's sale later that year.
One set of contestants (Arceneaux et al) claim title through Daniel Spell's purchase and the admitted continuous, open, public, hostile, uninterrupted, and undisturbed possession thereafter under fence of the property by themselves and their ancestors of title including Daniel Spell from December 1923 until the filing of this suit in 1961, a period of about thirty-eight (38) years. The trial court decided in favor of these contestants, the appellees.
The other or appellant set of contestants (Barbara Spell Bender et als) base their claim upon the contention that the 1923 administrator's sale was void because of certain irregularities in the administration producing allegedly the radical nullity of the sale. This set of contestants represents the heirs of all the children of Preston Spell, the original decedent, except Daniel Spell (the purchaser at the administrator's sale and author in title of the first-described or appellee contestants).
We pretermit decision of whether the hiatuses upon which the appellants pray are in fact irregularities and, if so, whether such were merely informalities cured within five years by the prescription protecting public sales, LSA-Civil Code Article 3543. For, in any event, the possessors through Daniel Spell's title have acquired prescriptive title to the tract through thirty years continuous open and adverse possession.
*401 In addition to claiming the 1923 sale was regular and valid, in the alternative the appellees Arceneaux et al. claiming through Daniel Spell's title specifically pleaded their acquisition of title through adverse possession in excess of thirty years.
Under LSA-C.C. Art. 3499, "The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith". The possession required for the prescriptive period must be as owner, continuous, uninterrupted, public, and unequivocal during the required prescriptive period, Article 3500, with the possessor being permitted, however, to tack onto his own possession the prior possession of his predecessors in title for purposes of determining the duration of the adverse possession, Articles 3493-3495. The evidence and stipulations prove without dispute that the appellee contestants and their predecessors claiming through Daniel Spell's purchase of the tract at the 1923 administrator's sale have shown the required possession for more than the thirty years necessary to acquire prescriptive title to the tract.
The appellants contend that nevertheless the possession of Daniel Spell and his successors was not adverse, since the latter were co-heirs and co-owners with the appellants (that is, accepting the appellants' contention that the administrator's deed, valid on its face, was nevertheless void because of some succession irregularities). This contention is based upon the general rule that owners in indivision cannot acquire title by prescription against one another, in the absence of clearly hostile possession by the possessing co-owner which gives clear notice to the other co-owners of the possessor's intention to hold as owner to the exclusion of adverse claims. Lee v. Jones, 224 La. 231, 69 So.2d 26; Southern Natural Gas Co. v. Naquin, La.App. 1 Cir., 167 So.2d 434.
In the present case, however, Daniel Spell and those possessing through him were in open, public, unequivocal possession as owner under a deed translative of title, the 1923 administrator's sale. Where, as here, one co-owner goes into and continues possession by reason of a deed translative of title, even though the deed be invalid and the possession be in bad faith, the co-owner's possession ordinarily is then regarded as hostile to any claim of his co-owners and as normally rebutting any presumption that he was possessing for his co-owners as well as himself. Succession of Seals, 243 La. 1056, 150 So.2d 13.
The trial court therefore was correct in holding that the possession of Daniel Spell and his successors in title, the appellees herein, was sufficient in nature and duration for the appellees to acquire prescriptive title by thirty years adverse possession and thus to defeat any claim of their appellant (alleged) co-owners to the property.
Accordingly, for the reasons assigned we affirm the trial court judgment. The costs of this appeal are to be taxed to the amount deposited, see LSA-C.C.P. Art. 4659.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.