183 So.2d 401 (1966)
Leon DETRAZ et al., Plaintiffs-Appellants,
v.
Francis PERE, Defendant-Appellee.
No. 1653.
Court of Appeal of Louisiana, Third Circuit.
February 15, 1966.
Rehearing Denied March 9, 1966.
Writ Refused May 5, 1966.
*402 Dugas, Bertrand & Smith, by Lucien C. Bertrand, Jr., Lafayette, for plaintiff-appellant.
Pugh, Buatt & Pugh, by Lawrence G. Pugh, Crowley, for defendant-appellee.
Before TATE, FRUGE and HOOD, JJ.
FRUGE, Judge.
This is a petitory action by which the plaintiffs seek to be recognized as owners of a tract of land situated in Vermilion Parish. The tract was owned at one time by Jean Pere, deceased. The plaintiffs are descendants of Octavie Pere, the only child of Jean Pere's first marriage, while the defendant, Francis Pere, is the only child of a second marriage. The plaintiffs appeal from judgment dismissing their suit.
Pretermitting discussion of all issues no longer at issue on this appeal, the plaintiffs' chief claim urged before this court is that the sale in 1926 of a 121-acre tract by the decedent Jean Pere to the defendant Francis Pere was a simulation. It is contended that therefore, since Jean Pere's title to the property was not divested by the allegedly simulated sale, the plaintiffs inherited and are owners in indivision of one-half of the property, being heirs of Octavie Pere, one of Jean Pere's two children.
The evidence shows that Francis Pere acquired record title to the tract by a deed translative of title, a sale which was an alleged simulation. The evidence further shows that Jean Pere died in 1931. The evidence further shows that Francis Pere went into possession of the property described by the deed no later than 1931, the year of Jean Pere's death, if not earlier, and that he has continuously possessed as owner the rice land enclosed by fences and cultivated. Without dispute, the evidence shows that his acts were open, public, and unequivocally as owner under the deed translative of title, the 1926 sale. The plaintiffs did not contest the defendant Francis Pere's title under the deed until this suit was filed in 1962, or at a time subsequent to which Francis Pere had openly, exclusively, and publicly possessed the property as owner for more than thirty years.
Under LSA-C.C. Art. 3499, "The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith." The possession required for the prescriptive period must be as owner, continuous, uninterrupted, public, and unequivocal during the required prescriptive period, Article 3500.
While the plaintiffs refer to the general rule that owners in indivision cannot acquire title by prescription against one another, this court finds that under a deed translative of title Francis L. Pere was in open, public, and unequivocal possession adverse to that of any of his alleged co-heirs, the present plaintiffs.
*403 As this court said in Continental Oil Co. v. Arceneaux, La.App., 183 So.2d 399 (decided this day):
"Where, as here, one co-owner goes into continuous possession by reason of a deed translative of title, even though the deed be invalid and the possession be in bad faith, the co-owner's possession ordinarily is then regarded as hostile to any claim of his co-owners and as normally rebutting any presumption that he was possessing for his co-owners as well as himself. Succession of Seals, 243 La. 1056, 150 So.2d 13."
We find, therefore, that the trial court correctly held, inter alia, that the defendant Francis Pere had acquired valid prescriptive title to the property in question. So holding, it is unnecessary to discuss the other grounds relied upon by the trial court.
For the foregoing reasons, we affirm the judgment of the trial court in dismissing the plaintiffs' suit at the plaintiffs' cost.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.