213 So.2d 528 (1968)
Dorothy H. DUPUIS et al., Plaintiffs-Appellees,
v.
Robert C. BROADHURST, Executor of the Succession of Dr. Charles H. Wright, Defendants-Appellants.
No. 2423.
Court of Appeal of Louisiana, Third Circuit.
July 29, 1968.
Rehearing Denied September 3, 1968.
*529 Pugh, Buatt, Landry & Pugh, by Lawrence G. Pugh, Jr., Crowley, for defendants-appellants.
Domengeaux, Wright & Bienvenu, Lafayette, and J. Lyle DeBellevue, Crowley (Mark Bienvenu, Lafayette, of counsel), for plaintiffs-appellees.
Before TATE, SAVOY and HOOD, JJ.
SAVOY, Judge.
Defendants have appealed from a summary judgment rendered by the district court ordering a partition of certain lands in Acadia Parish, Louisiana, allegedly owned by plaintiffs and defendants.
Prior to the granting of a summary judgment, the trial judge had overruled pleas of prescription of ten years filed by defendants under LSA-C.C. Articles 3515 and 3478, and of thirty years filed by defendants under the provisions of LSA-C.C. Articles 1030, 1305, 3499, 3515 and 3548. Since the pleas of prescription were overruled, defendants could not appeal from this interlocutory decree.
In the case of Bielkiewicz v. Insurance Company of North America (La.App., 3 Cir., 1967), 201 So.2d 130, this Court held:
"When an unrestricted appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the correctness of the final judgment appealed from. * * *." (Citations omitted.)
In view of the above case, we have decided to determine whether the trial judge correctly decided the plea of thirty years' acquisitive prescription filed by defendants.
The stipulation of the parties to this suit as to the possession of Dr. Charles H. Wright, author in title of the defendants herein, is as follows:
"It is stipulated by and between counsel for plaintiffs and counsel for defendant, R. C. Broadhurst, Executor, that Dr. Charles H. Wright exercised acts of possession of the property in question from the time of his purchase to his death in 1963, by farming same and having same under fence.
"It is further stipulated that the property in question is presently mineral producting property producing gas and distillate.
"Further it is stipulated that the California Company, Drew Cornell, Inc., and Irwin Miller are paying royalties based on the production obtained from said property."
The record reveals that Dr. Wright purchased undivided interests in the property in dispute from the ancestors of plaintiffs.
LSA-C.C. Articles 3499, 3500, 3515 and 3548 state:
"Art. 3499. The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith."
*530 "Art. 3500. The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner."
"Art. 3515. The rule, contained in the preceding article, is to be understood in this sense, that a man can not prescribe against an essential part of the contract.
"Thus the creditor on an annuity can not prescribe against the right of redemption; but one may prescribe beyond his title.
"So also, a person who has a title for one half an estate, may prescribe for the other half; for it may be that a new title has transferred the ownership of the property to him, or that he has acquired it without title by thirty years' possession."
"Art. 3548. All actions for immovable property, or for an entire estate, as a succession, are prescribed by thirty years."
Counsel for plaintiffs argue that since Dr. Wright and his heirs are co-owners with plaintiffs, the heirs of Dr. Wright can never acquire the plaintiffs' interest in the land by acquisitive prescription, citing Watkins v. Zeigler (La.App., 2 Cir., 1962), 147 So.2d 435; British American Oil Producing Co. v. Grizzaffi (La.App., 1 Cir., 1961), 135 So.2d 559; Mills v. Roy O. Martin Lumber Company (La.App., 3 Cir., 129 So.2d 78; and, Banks v. Yarborough (La.App., 2 Cir., 1958), 104 So.2d 283.
Counsel for the defendants, heirs of Dr. Wright, who were substituted for the executor of the succession, contend that the instant case is controlled by Succession of Seals, 243 La. 1056, 150 So.2d 13 (1963), decided by the Supreme Court of this State.
In the cases of Continental Oil Co. v. Arceneaux (La.App., 3 Cir., 1966), 183 So.2d 399 (cert. den. 1966), and Detraz v. Pere (La.App., 3 Cir., 1966), 183 So.2d 401 (cert. den. 1966), we followed the Seals case, supra, and stated:
"* * * Where, as here, one co-owner goes into and continues possession by reason of a deed translative of title, even though the deed be invalid and the possession be in bad faith, the co-owner's possession ordinarily is then regarded as hostile to any claim of his co-owners and as normally rebutting any presumption that he was possessing for his co-owners as well as himself. Succession of Seals, 243 La. 1056, 150 So.2d 13."
The record shows that by formal deed of April 9, 1902, Dr. Wright acquired by sale from C. H. Hurd the latter's onehalf interest in the 207-acre tract in question, these two parties having previously by partition deed of March 16, 1901 with Pierre A. LeBlanc, acquired this 207 acres in partition and settlement of disputes as to varying claims to the land between them. (They had each purchased various interests and portions from the heirs of Julian Leger, who had owned the land and who had died in 1845.)
In view of the stipulation in the record as to the possession of Dr. Wright, and the Succession of Seals, supra, we are of the opinion that defendants have a legal title to the land by reason of thirty years' acquisitive prescription.
Having determined the instant case on the question of prescription, it becomes unnecessary to consider the summary judgment rendered herein.
For the reasons assigned, the judgment of the district court overruling the plea of thirty years' acquisitive prescription is reversed, and judgment is hereby rendered in favor of defendants, John Wilbur Vogan, Mrs. Grace May Vogan Cornwell and Robert Vogan West, and against plaintiffs, Dorothy H. Dupuis, Ophey Simon, Jeneus Simon, Nita Simoneaux, Annie Simoneaux Marceaux, Mamie Simoneaux Green, Effie Simoneaux Gooch, Yvonne Simoneaux Broussard, Lula Simoneaux Alexander, *531 Marie Nelia Simoneaux Bruce, Martin Leger, Pascal Duhon, Theolus Simon, Nazair Mire, Aspezie Trahan, Aladin Trahan, Espazie Trahan, and Margaret Lucky Debellevue, maintaining the plea of thirty years' acquisitive prescription and dismissing their suit at their costs both in the district court and in this Court.
Reversed and rendered.

On Application for Rehearing
En Banc.
PER CURIAM.
In their application for rehearing, the plaintiffs-appellees suggest as error an issue not previously raised. The plaintiffsappellees point out that the defendants' author in title had first been recognized as owner of an undivided one-half interest (i.e., without outstanding claim against same by the Leger heirs) by a partition deed, not a deed translative of title. The plaintiffs contend this circumstance requires a changed result.
In order to discuss this contention in proper context, we shall first recapitulate our holding and the principles applied by us in reaching our determination that the defendants' author in title, Dr. Wright, had acquired title by their years acquisitive prescription to the 207-acre tract sought by the plaintiffs-appellees.
As noted by our original opinion, Dr. Wright and his successors in title had at the time of this 1965 suit been in possession of the tract, fencing and farming same, for over sixty years. The plaintiffs-appellees claim an interest in this 207-acre tract as heirs of Julien Leger and his wife, Marie Duhon, whose successions were opened in 1845 and 1839 respectively. The plaintiffsappellees claim that the interests in the tract of their particular Leger ancestors had never been conveyed.
We held, however, that Dr. Wright had acquired title to the land by thirty years prescription, based upon his continuous, public, and unequivocal possession of it as owner for well over the requisite prescriptive period. Civil Code Articles 3499 and following. In attempting to avoid this holding, the plaintiffs contended that prescription had not run against them, since they were co-owners of a fractional (some 20%) interest with Dr. Wright in the land.
We rejected this contention. We held that, because Dr. Wright was possessing as sole owner by virtue of instruments[1] evidencing his claim to complete title to the land, his possession must be regarded as hostile to the claims of the Leger heirs and as rebutting any presumption that he as co-owner with them was possessing for them as well as for himself. We based this holding that Dr. Wright's possession was adverse to that of any outstanding Leger claimants upon the principles enunciated in Succession of Seals, 243 La. 1056, 150 So.2d 13 (1963), Continental Oil Co. v. Arceneaux, 183 So.2d 399 (La.App. 3 Cir., 1966), certiorari denied 1966, and Detraz v. Pere, 183 So.2d 401 (La.App. 3 Cir., 1966), certiorari denied.[2] In their application the plaintiffs-appellees now contend, however, that Dr. Wright's possession could not be the basis *532 for prescriptive title because based upon a partition deed. The plaintiffs rely upon jurisprudence to the effect that a partition is not translative of title, being merely declaratory of it, so that it therefore cannot support a plea of prescription of ten years possession under a deed translative of title, the prescription founded upon Civil Code Articles 3478 et seq. Tyson v. Spearman, 190 La. 871, 183 So. 201 (1938); Kernan v. Baham, 45 La.Ann. 799, 13 So. 155 (1893); Martin v. Carroll, 59 So.2d 158 (La.App. 2 Cir., 1952).
This argument, while persuasive, overlooks that the thirty years' prescription of Civil Code Article 3499 (the one at issue here) is founded upon possession, not upon a deed translative of title. A deed translative of title is an essential element of the shorter ten-year prescription of Civil Code Article 3478 at issue in the cited decisions, see, e.g., Article 3479. To the contrary, however, no deed at all is required for title to be acquired by the longer thirty years open and adverse possession, Civil Code Articles 3500-3503, with the normal function of any title deed being merely to show the extent of possession claimed, see, e.g., Civil Code Article 3437.
Under the rationale of the Succession of Seals, a deed showing the extent of undivided possession is not any essential basis of prescriptive title by thirty years' adverse possession. The function of the instrument is simply to serve as an overt manifestation that a co-owner exclusively possessing is doing so by virtue of his claim to exclusive ownership. It is simply objective evidence that he thus possesses adversely to those who may claim to be his co-owners.
When one is possessing as owner of an exclusive interest any land by virtue of recorded instruments, we can perceive no essential reason why the possession should be regarded as any less adverse when the instrument by which the claim to exclusive ownership is openly asserted is a partition rather than a conveyance. Either instrument, when coupled with actual and open adverse possession for thirty years, negatives at least prima facie any otherwise-allowable presumption that the owner is also possessing for those who during this extended period of time may have silent claims to co-ownership (even though they do not overtly contest the possessor's assertion of full title through his undisturbed and open dominion over the property as its owner and his unopposed use of the land's fruits and products).
We therefore do not accede to the plaintiffs-appellees' persuasive contention that the principle of Succession of Seals is here inapplicable because part of Dr. Wright's initial open claim to full ownership is represented by a partition deed rather than a conveyance.
All other contentions have previously been discussed, except a new issue likewise first raised by the application to rehearing. This is to the effect that the deeds evidencing Dr. Wright's claim to full ownership do not adequately describe the property claimed by him.
We do not regard this contention as substantial. The deeds described the land by acreage, governmental section, and parish. In the context of their chain of title and admissible extrinsic evidence to explain ambiguity (if any), they describe the land with sufficient certainty so as to identify it and to afford notice to third persons of the extent and location of the tract claimed. See, e.g., Harrill v. Pitts, 194 La. 123, 193 So. 562 (1940); see also Canterberry v. Slade Brothers, 232 La. 1081, 96 So.2d 4 (1957).
Accordingly, the plaintiffs-appellees' application for rehearing is denied.
APPLICATION FOR REHEARING DENIED.
NOTES
[1] These instruments evidencing his claim of title to undivided ownership were: (a) Dr. Wright's acquisition of a onehalf interest in the present 207-acre tract in question by virtue of a partition deed of March 16, 1901, with Pierre A. LeBlanc, Tr. 49; and (b) his subsequent purchase on April 19, 1902, of the other one-half interest by cash deed from C. H. Hurd, Tr. 50.
[2] See also Civil Code Article 1305: "When one of the heirs has enjoyed the whole or part of the succession separately, or all the coheirs have possessed separately each a portion of the hereditary effects, he or they who have thus separately possessed, can successfully oppose the suit for a partition of the effects of the succession, if their possession has continued thirty years without interruption." This liberative prescription was pleaded by the defendants also. Tr. 14.