428 So.2d 1029 (1983)
Roberta S. TOWLES, Roy O. Martin Lumber Co., Inc., Arbor, Inc., James R. Davis, Edward I. Daniel, Stephen P. Dart and Michael L. Hughes
v.
HEIRS of Jacob H. MORRISON.
No. 82 CA 0369.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
*1030 Stephen P. Dart, Michael L. Hughes, Robert O. Butler, Jr., St. Francisville, Charles S. Weems, III, Alexandria, Hamilton B. Willis, Wakefield, Wilson R. Ramshur, St. Francisville, for plaintiffs-appellees.
Edward C. Abell, Jr., Patrick W. Tracy, George H. Robinson, Jr., Lafayette, J.W. Seibert, III, Jonesville, for defendants-appellants.
Before PONDER, SAVOIE and CRAIN, JJ.
PONDER, Judge.
Plaintiffs brought a possessory action, based on defendants' execution and recordation of mineral leases. The trial court ruled in favor of plaintiffs and ordered defendants to file a petitory action within sixty days of the judgment becoming executory. Defendants appealed.
The issues are: (1) whether plaintiffs, as co-owners, gave adequate notice of their intent to possess adversely; (2) whether co-owners must be participants in the transaction giving notice of adverse possession; (3) whether corporeal acts of possession must immediately follow notice; and (4) whether the taking of a protective lease pursuant to La.R.S. 31:121[1] entitles the party bringing the possessory action to assert a cause of action against the lessee.
We affirm.
Plaintiffs sued the Morrison heirs as lessors and Oxy Petroleum, Superior Oil Company[2] and Robert E. Adams, as lessees of approximately 320 acres in Section 50, Township 2 South, Range 5 West, in West Feliciana Parish. It is marshy timber land which floods annually and is not subject to cultivation.
Plaintiffs' and defendant lessors' title was traced back to a transfer to Joseph Purl, plaintiffs' ancestor in title, and Jacob H. Morrison, defendant lessors' ancestor in title, in 1853. There is no evidence that Morrison ever transferred his undivided one-half interest in Section 50.
Numerous exhibits were introduced. Plaintiffs claim that there are three exhibits specifically indicating an intent by their ancestors in title to possess the subject property adverse to the interests of the heirs of Jacob H. Morrison. They are: 1) the Succession of Joseph Purl, in which the proces verbal of the sheriff transferred the entire 320 acres to F.M. Yoist, by a succession sale; 2) the Succession of F.M. Yoist which transferred the property to S.D. Barrow and P.W. Barrow in 1894 also by a succession sale; and 3) an act of partition between P.W. Barrow and Mrs. S.D. Barrow and her daughter, Elise,[3] by which the following described property was conveyed to Mr. Barrow in 1904:
"East half of Section Fifty (50) Township Two (2) South Range Five West, originally *1031 containing 350 acres, together with all the batture accretions to said sections."[4]
Plaintiffs also offered evidence indicating their corporeal possession of the property, which included the granting of timber deeds, mineral leases and hunting leases and maintaining property lines and posted signs.
In a well reasoned opinion, the trial judge found that the sales in the successions of Joseph Purl and F.M. Yoist, the act of partition between the Barrows, and the fruits and revenues of the property received solely by plaintiffs, constituted sufficient notice to defendant co-owners of plaintiffs' intention to possess as the sole owners. He held that plaintiffs had exercised corporeal possession, within enclosures, for more than a year prior to the disturbance. He commented upon the failure of the defendant heirs of Jacob Morrison to take any action for 126 years, until approached by mineral lessees. All defendants appealed.
The possession by a co-owner inures to the benefit of the other co-owners, as owners in indivision cannot acquire title by prescription against one another, in the absence of clearly hostile possession by the possessing co-owner, which gives clear notice to the other co-owners of his intent to possess exclusively and adversely. Lee v. Jones, 224 La. 231, 69 So.2d 26 (1953); Minton v. Whitworth, 393 So.2d 294 (La.App. 1st Cir.1980). Where one co-owner goes into and continues possession by reason of a deed translative or a partition declarative of title, the co-owner's possession is regarded as hostile to any claim of his co-owner, rebutting the presumption of precarious possession. Dupuis v. Broadhurst, 213 So.2d 528 (La.App. 3rd Cir.), writ denied, 252 La. 967,215 So.2d 131 (1968). Although the cited cases deal with acquisitive prescription, possession required for a possessory action is the same. Liner v. Louisiana Land and Exploration Company, 319 So.2d 766 (La.1975), rehearing denied, Sept. 25, 1975.
Defendant lessors argue that the sale in the Succession of Joseph Purl did not give constructive notice of the intent to possess adversely to the Morrison co-owners. Their position is based on the argument that the language of the proces verbal conveyed only the property interests belonging to Joseph Purl, and that a succession sale can transfer only the rights of the deceased, citing, Seymour v. Bourgeat, 12 La. 123 (1838).
The proces verbal, in the Purl succession, stated:
"... I offered for sale all the property depending on and belonging to the succession of Joseph Purl deceased, and I have adjudicated the same to the highest and last bidders therefor as follows to-wit:... one tract of land known as the Stephenson tract being the same purchased of C.B. Collins and S.H. Lurty by J. Purl containing three hundred and twenty acres to F.M. Yoist for ninety dollars."
Similar language occurs in the Yoist succession sale. Defendant cites Liles v. Pitts, 145 La. 650, 82 So. 735 (1919) which stated that when a conveyance transfers "all of the grantor's right, title, and interest", the deed only released the interest of the grantor and did not oust the true owner. Like language, however, was used in a deed in Succession of Seals, 243 La. 1056, 150 So.2d 13 (1963), in which an adverse possessor was found to have established sufficient hostile notice and possession for thirty years prescription against co-owners.
In Seymour v. Bourgeat, supra, the court merely recognized that a succession sale can only transfer the title to the property owned by the deceased and the sale of litigous rights of an estate. The opinion states that if the purchaser should exercise possessory rights, the owner should then seek the aid of the court. We are not concerned with the validity of the title conveyed but only with its efficacy as notice to co-heirs of adverse possession. Continental Oil Company v. Arceneaux, 183 So.2d 399 *1032 (La.App. 3rd Cir.1966), writ denied, 249 La. 66, 184 So.2d 736 (1966), held that a purchaser of a tract of land at an allegedly invalid administrator's sale, who later possessed the tract corporeally, had given adequate notice of hostile possession to his co-owners.
Defendants try to differentiate the facts of Continental Oil Company v. Arceneaux, supra, in that the co-owners were participants in the succession and the purchaser entered into immediate corporeal possession.
The recordation of a deed translative of title is the important factor in giving notice of hostile and adverse possession to co-owners. Allen v. Paggi Brothers Oil Company, 244 So.2d 116 (La.App. 3rd Cir. 1971), writ denied, 258 La. 247, 245 So.2d 716 (1971), Continental Oil Company v. Arceneaux, supra; Detraz v. Pere, 183 So.2d 401 (La.App. 3rd Cir.1966), writ denied, 249 La. 119, 185 So.2d 529 (1966). These cases made no requirement that co-owners participate in the transaction.
The notice given by the recorded titles changes the nature of future possessory acts from precarious possession to adverse possession. The acts of corporeal possession must follow that notice. In the present case, the trial judge found that corporeal acts of possession by the plaintiffs' ancestors began in 1942. The forty year period between the Barrow partition and the beginning of corporeal possession does not defeat plaintiffs' claim. We prefer to follow the majority opinion in Allen v. Paggi Brothers Oil Company, supra.
Defendants additionally argue that the trial court erred in deciding the Barrow partition constituted sufficient notice of hostile possession because the act of partition described the east half of Section 50, rather than the north half.
P.W. Barrow's petition for partition described the tract as "the Stevenson tract containing three hundred and twenty acres" and the report by experts as to whether the property was divisible in kind described the property as ½ Sec. 50." The reference to the east rather than the north half was patently an inadvertent slip.
We agree that the three papers adequately put defendants and their ancestors in title on notice that the property was subject to adverse possession.
Defendants' argument that the trial court erred in using equity to further support its opinion is without merit. In Succession of Seals, supra, the Supreme Court stated:
"The genius of our law does not favor the claims of those who have long slept on their rights and who, after years of inertia, conveying an assurance of acquiescence in a given state of things, suddenly wake up at the welcome vision of an unexpected advantage and invoke the aid of the courts for relief, under the effect of a newly discovered technical error in some ancient transaction or settlement."
There is no argument that plaintiffs proved the other necessary elements of a possessory action. We find no error.
Defendants, Superior Oil Company and Robert E. Adams, appealed the denial of the motion for summary judgment and the trial court's finding that the taking of a protective lease, as authorized by La.R.S. 31:121 entitled the party bringing the possessory action to assert a cause of action against the lessee.
A trial court's denial of a motion for summary judgment is not reviewable even upon appeal from a final judgment on the merits. Bruno v. Hartford Accident and Indemnity Company, 337 So.2d 241 (La.App. 3rd Cir.1976).
The right given to the mineral lessee under La.R.S. 31:121 does not exempt him from being a party to possessory actions. Superior Oil and Robert E. Adams were proper parties, particularly since plaintiffs were asking for the cancellation of leases to which they were a party.
For these reasons, the trial court's judgment is affirmed with costs assessed to the appellants.
AFFIRMED.
NOTES
[1] La.R.S. 31:121

A mineral lessee may take leases from persons claiming the leased land or mineral rights or interests therein adversely to his lessor.
[2] Superior Oil leased plaintiffs' mineral rights and had then taken leases on the majority of defendants' mineral interests. A motion for summary judgment, filed by Superior, on the grounds that La.R.S. 31:121 allowed protection leases without giving the original lessor a cause of action against the lessee was denied by the trial judge, who reasoned that Superior must remain in the suit for the protection of the issues.
[3] Mrs. S.D. Barrow and her daughter were placed in possession of the property in the Succession of S.D. Barrow. The property was described as follows:

"... a tract of land known as the Stevenson tract purchased from Collins & Lurty by Purl containing three hundred and twenty acres...."
[4] All parties speculate that an error existed in the description as recorded and the "East half of Section Fifty" should actually read the "North half of Section Fifty."