McDonald, J.
|2In this case, the plaintiffs filed a petition for partition by licitation of immovable property owned by numerous co-heirs, some unknown. Three of the heirs, along with two of their spouses, filed interventions, claiming thirty years acquisitive prescription of three different portions of the property. The district court ruled in favor of the intervenors, finding that they had proven thirty years acquisitive prescription of the respective portions of the property where they lived. The plaintiffs have appealed that judgment. After a thorough review, we reverse the judgment, finding that the district court erred in determining that the intervenors had proven thirty years acquisitive prescription, and we remand the case for further proceedings.
THE FACTS
The plaintiffs, Bobby Junius Andras and his wife, Judy Sanchez Andras, filed suit to partition by licitation intestate succession property (the Thibodeaux property), which they owned in indivisión with the heirs of Jean Marie Thibodeaux, Mareeline Hebert, Edouard Francois Thibodeaux, Louisa Thi-bodeaux, Hypolite Severe Thibodeaux, En *769 och Antoine Thibodeaux, Drauzin Marcelin Thibodeaux, and Pierre Thibodeaux. The Thibodeaux property is described in the petition as:
A certain tract of land, situated in the Parish of Lafourche, Louisiana, on the left bank of Bayou Lafourche, about two (2) miles from the City of Thibodaux, and about six (6) miles back from said bayou, measuring three (8) arpents from of the [sic] eastern lines by ten (10) arpents deep from the East to West bounded front or East by property formerly of Drauzin Boudreaux and now or formerly of Walter Tabor, South and West by property formerly of Butch Albert Wormalt and now or formerly Laurel Valley Sugar, Inc. North by property now or formerly of Rathbone Lumber Company. Said Property being situated on the Northwest quarter of Section 22, T14S, R17 East, Parish of Lafourche and being shown on the plat of survey prepared by J.C. Lovell, Surveyor, dated July 26, 1960, entitled property of Estate of Jean Marie Thibodaux, a copy of which plat is recorded in the official records of Parish of Lafourche, Louisiana. Together with all the buildings and improvements thereon and all the |srights ways [sic], privileges and servi-tudes thereunto belonging or in anywise [sic] appertaining.
The plaintiffs asserted that they owned sixty-eight percent of the property, and that the defendant heirs owned the remaining undivided thirty-two percent interest. The plaintiffs valued the Thibo-deaux property at $3,800.00.
The defendants filed a general denial. The defendants also filed exceptions raising the objections of no right of action, improper cumulation of parties and improper joinder of defendants. By judgment dated January 29, 2009, the exceptions were overruled.
Interventions were filed .by three coheirs and two spouses, Russell Boudreaux and his wife Estha Boudreaux, Jimmy Andras and his wife Linda Andras, and Darlene M. Andras Harrelson. The inter-venors asserted that they had acquired ownership of the three different portions of the Thibodeaux property on which they lived by acquisitive prescription of thirty years possession adverse to their co-heirs.
After a hearing, the district court ruled in favor of the intervenors, finding that the intervenors had proven thirty years acquisitive prescription of the three respective portions of the Thibodeaux property that they claimed. The trial court signed three separate judgments on December 9, 2011, to this effect.
The plaintiffs filed a motion for new trial, which was denied. The plaintiffs appealed those judgments. Thereafter, on June 14, 2012, the trial court signed an “Assignment of Title” that provided property descriptions of the three portions of the Thibodeaux property claimed by Russell and Estha Boudreaux, Jimmy and Linda Andras, and Darlene M. Andras Har-relson.
The appeal was dismissed by this court on October 11, 2012, because the property descriptions in the trial court’s Décember 9, 2011 judgment did not satisfy the particularity requirement of La. C.C.R Art. 2089. On August 30, 2013, the ^district court rendered an amended judgment, finding that the intervenors had proven thirty years acquisitive prescription of the respective portions of the Thibodeaux property that they claimed, and providing property descriptions for each tract. The plaintiffs appealed that judgment. In their assignment of error, the plaintiffs assert that the district court erred in finding that the intervenors had successfully proven thirty years acquisitive prescription.
*770 THE STANDARD OF REVIEW
Whether a party has possessed property for purposes of thirty-year acquisitive prescription is a factual determination by the trial court and will not be disturbed on appeal unless it is clearly wrong. George M. Murrell Planting & Mfg. Co. v. Dennis, 06-1341 (La.App. 1 Cir. 9/21/07), 970 So.2d 1075,1081.
ANALYSIS
Louisiana Civil Code article 1305 provides:
When one of the heirs has enjoyed the whole or part of the succession separately, or all the coheirs have possessed separately each a portion of the hereditary effects, he or they who have thus separately possessed, can successfully oppose the suit for a partition of the effects of the succession, if their possession has continued thirty years without interruption.
Immediately at the death of the decedent, universal successors acquire ownership of the estate and particular successors acquire ownership of the things bequeathed to them. La. C.C. art. 935. At the moment of death, the heirs of the decedent acquire ownership of succession property, without the necessity of any formal proceeding. Ditch v. Finkelstein, 399 So.2d 1216,1220 (La.App. 1 Cir.1981).
Ownership and other real rights in immovables may be acquired by the prescription of thirty years without need for just title or good faith. La. C.C. art. 3486. A precarious possessor, such as a lessee or a depositary, is presumed to possess for another although he may intend to possess for himself. La. C.C. art. |s3438. It is the well-settled jurisprudence of this state, that owners in indivisión cannot acquire by prescription the right of their co-owners in and to property held in common. British Am. Oil Producing Co. v. Grizzaffi, 135 So.2d 559, 564 (La.App. 1 Cir.1961). A co-owner, or his universal successor, may commence to prescribe when he demonstrates by overt and unambiguous acts sufficient to give notice to his co-owner that he intends to possess the property for himself. The acquisition and recordation of a title from a person other than a co-owner thus may mark the commencement of prescription. La. C.C. art. 3478.
Documents recorded in the public records that are translative of title, even if invalid, qualify as overt and unambiguous acts sufficient to put co-owners on notice of adverse possession. See Succession of Seals, 243 La. 1056, 150 So.2d 13 (1963). In Succession of Seals, the recor-dation of a warranty deed was found to be sufficient notice of adverse possession against co-owners. In Towles v. Heirs of Morrison, 428 So.2d 1029, 1032 (La.App. 1 Cir.1983), the court found that an act of partition was sufficient notice of adverse possession against co-owners. Where one co-owner goes into and continues possession by reason of a deed translative or a partition declarative of title, the co-owner’s possession is regarded as hostile to any claim of his co-owner, rebutting the presumption of precarious possession. Towles v. Heirs of Morrison, 428 So.2d at 1031.
In the present case, none of the intervenors had title or any recorded document translative of title. Mere occupancy, use, payment of taxes, and similar acts of possession will not suffice to constitute notice of adverse possession to co-owners. British Am. Oil Producing Co., 135 So.2d at 564; Headrick v. Lee, 471 So.2d 904, 909 (La.App. 2d Cir.1985). The burden rests on the co-owner claiming acquisitive prescription to prove not only that his possession was in fact adverse, but that knowledge of such contrary possession was *771 made known to the other co-owners. British Am. Oil Producing Co., 135 So.2d at 566-567.
| fiIn Southern Natural Gas Co. v. Naquin, 167 So.2d 434, 437-439 (La.App. 1 Cir.), writ refused, 246 La. 884, 168 So.2d 268 (1964), the court ruled that farming the land, cutting wood, trapping crawfish, paying taxes, and granting mineral leases was insufficient to constitute notice of adverse possession to co-owners. In Head-rick, the court found that living on the property since 1910, fencing it, growing crops, raising cattle, and cutting timber was mere occupancy and use. Headrick, 471 So.2d at 907-909.
In the present case, the acts of possession exercised by the intervenors over the three respective portions of the Thibodeaux property included fencing, building houses and other smaller structures, raising animals, cutting trees, and planting trees. These are mere acts of possession and not sufficient to constitute overt and unambiguous acts sufficient to put their co-owners on notice of adverse possession. British Am. Oil Producing Co., 135 So.2d at 566; Southern Natural Gas Co., 167 So.2d at 437-439.
Russell Boudreaux testified that he had a conversation with one co-owner, Kenneth Boudreaux, wherein he demanded that Kenneth Boudreaux move a trailer that he had placed on the property where Russell Boudreaux was living, and Kenneth Bou-dreaux complied. The record does not indicate the date that this conversation took place, and further, no authority has been cited to show that this oral statement would qualify as a sufficient overt and unambiguous act to put that one co-owner on notice of adverse possession, much less the rest of the co-owners.
For the forgoing reasons, we find that the district court manifestly erred in finding that the intervenors met their burden of proving thirty years acquisitive prescription against their co-owners. Therefore, the district court judgment dated August 30, 2013 is reversed, and the case is remanded to the district court for further proceedings. Costs are assessed against the intervenors-appellees.
REVERSED AND REMANDED.