McCALEB, Justice.
This suit involves the ownership of an undivided one-half mineral interest in the SE14 of the SEj4 of Section 32, T. 22 N., R. 4 W., Claiborne Parish, Louisiana. Roy Lee, Trustee of Hassie Hunt Trust, the mineral lessee, evoked the contest by way of concursus instituted under' Act 123 of 1922, as amended by Act 242 of 1944, LSA-R.S. 13:4811, depositing $4,705.86 of the proceeds of production from the leased premises in the registry of the court and citing the adverse claimants of the minerals to assert their demands.
■ The land in contest was acquired in 1857 by Tillman Skinner during his marriage with Martha Henderson Skinner and formed part of the community existing between them. Two children were born of this marriage, Calvin D. Skinner and Sallie Skinner. Mrs Zona Nolen, George H. Mills and Projects, Inc., the unsuccessful claimants below and appellants here, are the successors by inheritance or purchase to the rights of Sallie Skinner. Walter T. McCook, J. Woodruff McCook, William H. Cook, W. Perrin Sparke, Louise Weiss, Barbara Ann Weiss Simon, Clarence Skinner and Mrs. Selma Jones, the prevailing claimants and appellees, have succeeded to the interest of Calvin D. Skinner.
Following the death of Tillman Skinner in 1863, the property remained in possession of his widow and two children. His succession was never opened. Sallie Skinner departed from the homestead in 1880 when *236 she married E. ,W. Mitcham and neither she nor her descendants [1] have since lived thereon or exercised any physical possession thereof.- After Sallie Skinner’s marriage, Calvin D. Skinner remained on the property with his mother until her death in 1899, from which time he and his family [2] occupied the land as part of his homestead. He paid the taxes, farmed the land and was generally considered in the community as owner. The succession of Martha Henderson Skinner was never opened.
In resistance of the claims of the successors to Sallie Skinner’s interest in the property, appellees pleaded the prescription of 30 years acquirendi causa, provided by Article 3499 of the LSA-Civil Code, and also the liberative prescriptions of like period under Articles 1030, 1305 and 3548. The trial judge sustained the plea of the prescription of 30 years but did not indicate in his judgment whether he thought the acquisitive or the liberative prescription was good although an entry on the minutes of the court reveals that the plea of 30 years acquisitive prescription was upheld.
The plea of 30 years liberative prescription provided for by Article 3548 of the LSA-Civil Code is of no importance in the case as it is well established that that codal article, which declares that all actions for immovable property are prescribed by 30 years, is merely an affirmance of Article 3499 by which the ownership of immovable property is acquired through 301 years adverse possession. See Generes v. Bowie Lbr. Co., 143 La. 811, 79 So. 413; Harang v. Golden Ranch Drainage Co., 143 La. 982, 79 So. 768; Thibodeaux v. Bonnabel Land Company, 171 La. 639, 131 So. 833 and Buckley v. Catlett, 203 La. 54, 13 So. 2d 384.
In the same category is appellee’s plea of 30 year prescription under Article 1305 of the Code. That Article, which deals with the right of an heir, who has enjoyed the whole or part of the succession separately,, to oppose a suit for a partition of the effects of the succession, where he has possessed continuously for 30 years without interruption, does not establish another 30-year prescription. It, like Article 3548, is. but an affirmance of Article 3499 providing: for the 30 year acquisitive prescription of immovables.
Nor do we think that appellees’ plea of prescription of 30 years acquirendi causa is. well taken. Albeit, it is manifest from a mere statement of the case that the possession of Calvin Skinner of the tract of land! *238 in contest was not adverse but precarious in its nature. Two successions are involved in this case, that of Tillman Skinner, who died in 1863, and his wife, who died in 1899. Following the former’s death, his widow possessed the property-in her legal right as owner of an undivided one-half and as usufructuary of the other half, which was transmitted by operation of law in equal undivided proportions to Calvin and Sallie Skinner, as heirs of their father. Upon his mother’s death, Calvin Skinner remained on the property and farmed it but his possession was not adverse to his sister, who was a coheir holding in indivisión with him. On the contrary, it and the subsequent possession of his heirs is to be viewed as precarious, not as owner of the whole, but as inuring to the benefit of his coowner.
The jurisprudence is well settled that, as a general rule, owners in indivisión cannot acquire title by prescription against each other. Litton v. Litton, 36 La.Ann. 348; Simon v. Richard, 42 La.Ann. 842, 8 So. 629; Dew v. Hammett, 150 La. 1094, 91 So. 523; Hill v. Dees, 188 La. 708, 178 So. 250 and Arnold v. Sun Oil Company, 218 La. 50, 48 So.2d 369. In order for one coowner or coheir to prescribe against the other, his possession must be clearly hostile to the rights of the other and, in such instances, it is necessary, in order to commence the running of prescription, that notice be given by the former .to the latter of his intention to hold, animo domini, all of the common property. Ethredge v. Watts, 137 La. 686, 69 So. 95; Liles v. Pitts, 145 La. 650, 82 So. 735; Gill v. Robinson, 11 Orleans App. 226 and Arnold v. Sun Oil Company, supra. Occupancy, use, payment of taxes and the like will not suffice.
Disposal of the foregoing leaves for discussion appellees’ plea of the 30 year liberative prescription under Article 1030 of the LSA-Civil Code. That Article declares :
“The faculty of accepting or renouncing a succession becomes barred by the lapse of time required for the longest prescription of the rights to immovables.”
Whereas the interpretation and application of this Article in specific cases has been a subject of much controversy in this court throughout the years,[3] most of the doubts concerning its meaning and the conditions under which it may be invoked have been finally set at rest by our recent decision in Sun Oil Co. v. Tarver, 219 La. *240 103, 52 So.2d 437. There, it was resolved that Article 1030, being unequivocal in its terms, should be interpreted literally and that it bars the right of the heir to accept or renounce a succession after 30 years of inaction whether he be a legal or instituted heir. However, it was found that, since the Article has for its purpose the relief of a succession from the claim of an heir after 30 years inaction, the plea of prescription is available only to the succession, or its representative, or a coheir, who has timely accepted the succession and that it cannot be invoked by a trespasser or one holding land or other succession property without semblance of right or title, as in the cases of Generes v. Bowie, 143 La. 811, 79 So. 413; Bendernagel v. Foret, 145 La. 115, 81 So. 869 and Dew v. Hammett, 150 La. 1094, 91 So. 523.
In the instant case, appellees, the heirs and successors of Calvin Skinner, are unquestionably :entitled to plead the prescription provided for in Article 1030 against appellants, the successors in title to Sallie Skinner Mitcham. But, in order for the plea to be tenable, it was requisite that they show (1) that Calvin Skinner or his heirs[4] accepted the successions of his father and mother within 30 years of their deaths and (2) that Sallie Skinner Mitch-am and her heirs failed to do so within that allotted time.
That Calvin Skinner tacitly accepted the successions of his father and mother by his continuous occupancy and use of the land following their deaths is not a matter of serious dispute. The evidence is uncontradicted that, after Tillman Skinner’s death in 1863, Calvin remained on the land with his mother and used it uninterruptedly as a farm until his death in 1908. Although his occupancy was subordinate to the rights of his mother during her lifetime, he retained the property following her death in 1899, cultivated it and paid the taxes thereon. After his death in 1908, his widow ánd children continued in possession of the land using it for the same purpose. These acts exhibit a clear intention on his part and those holding under him to unconditionally accept the successions of his father and mother as a legal heir. See LSA-Civil Code, Articles 988 and 992.
Counsel for appellants do not challenge the fact of Calvin Skinner’s tacit acceptance of the successions. They contend, however, that an implied acceptance of a succession will not suffice and that a formal acceptance, as in Tillery v. Fuller and the Tarver case, is essential in order to entitle a coheir to plead the 30 year prescription provided by Article 1030. And it is said that Dileo v. Dileo, 217 La. 103, 46 So.2d 53, favors this proposition.
Counsel are mistaken. We did not hold in the Tarver case that a formal ac *242 ceptance of the succession by a coheir was necessary. Obviously, such a holding would not have been consonant with the law, Article 988 of the LSA-Civil Code, which recognizes tacit and express acceptances to be of equal effectiveness. Nor does Dileo v. Dileo, supra, support such a notion. In that case, the defendants did not contend that they had accepted, tacitly or otherwise, the succession of the ancestor; they were relying exclusively On the title to the property acquired by them at a judicial sale, which the court found to he a nullity.
Since we hold that appellees are in a position to invoke the provisions of Article 1030, it remains only to determine whether Sallie Skinner Mitcham or her heirs accepted the successions of her father and mother within 30 years of their deaths.
Insofar as the succession of Tillman Skinner is concerned, it appears that Sallie Skinner was an infant at the time of his death in 1863.[5] Hence, being a minor at the death of her father, his succession was accepted for her with benefit of inventory by operation of law. The second paragraph of Article 977 of the LSA-Civil Code reads:
“It shall not be necessary for minor heirs to make any formal acceptance of a succession that may fall to them, but such acceptance shall be considered as made for them with benefit of inventory by operation of law, and shall in all respects have the force and effect of a formal acceptance.”
Accordingly, inasmuch as the fact of Sallie Skinner’s minority at the date of her father’s death effectuated an acceptance of his succession, appellees’ plea of prescription is invalid with respect to the rights of her heirs and successors insofar as it pertains to her inheritance from her father.
On the other hand, the plea of prescription is well founded as to the succession of Sallie Skinner’s mother, who died in 1899, as she had long previously attained her majority at that time. The record is barren of any evidence whatever of a tacit acceptance within the thirty year period by either Sallie Skinner during her lifetime (she died in 1928) or her heirs after her demise.
Since we find that the plea of prescription is good only insofar as it pertains to Sallie Skinner Mitcham’s interest in her mother’s succession, it follows that appellants, as her successors in title, are the owners of an undivided one-fourth interest in the SE^ of the SE1^, Section 32, T. 22 N., R. 4 W., Claiborne Parish, including the mineral rights therein. We experience difficulty, however, in ascertaining from the record as presented to us (the suit involves a one-half interest in the mineral rights and the royalty percentages — in the thousands — to which the various claimants al *244 lege they are entitled) the exact mathematical proportions which should be allotted to each claimant under this decision. In the. circumstances, the case will be remanded to the trial court for the purpose of having these interests fixed with certainty and for the distribution of the fund on deposit in the registry of the court among the claimants, based on the ownership recognized by us in this opinion.
The judgment appealed from is therefore reversed and the case is remanded for further proceedings conformable with the views herein expressed. The costs of this appeal are to be paid by appellees; all other costs are to be fixed by the district judge.
HAWTHORNE, J., absent.

. Seven children were born of her marriage, viz., Stella Thompson, Zona Nolen, Eolian Green, Minnie Weldon, Grady Mitcham, Zollie Mitcham and Vida Goss.

. He married Lula Mitcham in 1882. Three children were born of this marriage, Robert WiE Skinner, who died in 1910 without issue and Clarence G. Skinner and Selma Jones, two of the appeEees herein.

. See Succession of Waters, 12 La.Ann. 97; Generes v. Bowie Lumber Company, 143 La. 811, 79 So. 413; Harang v. Golden Ranch Land & Drainage Co., 143 La. 982, 79 So. 768; Bendernagel v. Foret, 145 La. 115, 81 So. 869; Dew v. Hammett, 150 La. 1094, 91 So. 523; Succession of Tyson, 186 La. 516, 172 So. 772; Tillery v. Fuller, 190 La. 586, 182 So. 683; Dileo v. Dilco, 217 La. 103, 46 So.2d 53 and Barnsdall Oil Co. v. Applegate, 218 La. 572, 50 So.2d 197.

. Under Article 1007 of the LSA-Civil Code, if a person entitled to an inheritance dies before having expressly or taeitly accepted or rejected it, his heirs have the right of accepting it under him.

. Tfie record shows that, when she was married in 1880, she was 18 years of age..