McCALEB, Justice
(concurring).
Since relators have abandoned their plea of the ten-year acquisitive prescription, the principal question for decision herein is the validity of their plea of the 30-year prescription acquirendi causa under Article 3499 of the Civil Code.
Unlike the majority, I do not regard the 30-year liberative prescription provided for by Article 3548 of the Civil Code to be of any importance in the case as that codal article, declaring that all actions for immovable property are prescribed by 30 years, is merely an affirmance of Article 3499, by which the ownership of immovable property is acquired through 30 years adverse possession.[1] It is well settled by the cases cited in Footnote 1 that an owner of land does not lose his title by prescription because he remains out of possession for any length of time unless someone else has been in possession long enough to acquire title-by prescription. The reason for this, as said in Thibodeaux v. Bonnabel Land Company, 171 La. 639, 131 So. 833, 837, “* * * is that an owner has as much right to remain out of possession as he has to remain in possession of his property; the only risk of remaining out of possession being that some one else might be in possession long enough to acquire title by prescription.”
However, I agree that relators’ plea of 30' years acquisitive prescription is well founded for, although Stokes Seals’ possession of the tract would normally be regarded as precarious since he was a co-heir with his brothers and sisters of Henry Seals’ succession (see Lee v. Jones, 224 La. 231, 69 So.2d 26 and cases there cited), he went into possession of the property not as a co-heir or co-owner but as sole owner thereof under a title translative of the property *1083 notwithstanding that the title under which he acquired was not a good prescriptive title, inasmuch as he, as found by the Court of Appeal (see 142 So.2d at page 633), was in legal bad faith.
A distinction should be recognized, I think, between a case like this, in which a co-owner pleading 30-year acquisitive prescription takes initial possession under a deed translative of the property, albeit invalid, and a case in which a co-owner enters possession of the whole without a paper title and without clearly indicating to the other co-owners that he intends his possession to be hostile to their interests. In the first instance, it strikes me that the very fact that he acquires a title for valuable consideration, as in this case, is sufficient to rebut any legal presumption that he is possessing for his co-heirs or co-owners, which normally obtains in cases in which the co-owner simply takes possession of the land. Accordingly, in this case, the fact that Stokes Seals entered the property in 1913 under a title and possessed as owner for over 30 years is sufficient, in my opinion, to warrant maintenance of the plea of 30-year acquisitive prescription and this despite the fact, as indicated by the evidence, that he may have permitted some of his co-heirs to live thereon by sufferance.
For these reasons, I concur in the decree.

. See Generes v. Bowie Lumber Co., 143 La. 811, 79 So. 413; Harang v. Golden Ranch Drainage Co., 143 La. 982, 79 So. 768; Thibodeaux v. Bonnabel Land Company, 171 La. 639, 131 So. 833; Buckley v. Catlett, 203 La. 54, 13 So.2d 384 and Lee v. Jones, 224 La. 231, 69 So.2d 26.