STOKER, Judge.
This is a suit for declaratory relief for determination of whether property of John A. Book and the heirs of Cora Jones Book sold at a tax sale was redeemed by John A. Book for himself and Cora’s heirs or was a purchase for his sole account. The property in question, described in footnote one, was originally purchased as community property during the marriage of John and Cora Jones Book.[1] The latter, the second wife of John A. Book, died leaving seven children of her marriage with John. After Cora’s death, John A. Book failed to pay taxes on the property in question, and J.L. Calhoun purchased the property at a tax sale on June 20, 1931, for delinquent taxes of $38.95. Book had married Emma Fisher on October 31, 1930. The property was purchased from J.L. Calhoun, some fifteen months after the tax sale, by an act which purported to be an ordinary cash sale. The recited consideration was $52.00, and at that time, the period within which a redemption could take place was twelve months after the tax sale.
John A. Book died in 1964 while still married to Emma Fisher Book. Tilton G. Book, a son of John and Emma, has been qualified as administrator of the succession. Tilton brought this suit as administrator for a declaratory judgment seeking a determination as to whether John A. Book’s repurchase of the land was a redemption, which inured to the heirs of Cora Jones Book for their one-half interest, or whether Book repurchased for himself exclusively, or to more accurately state the matter, did Book repurchase for the community which then existed between himself and Emma Fisher Book. Plaintiff alleges that the property is owned one-half by Emma and one-half by the succession of John A. Book.
If the repurchase was a redemption, then the children and heirs of Cora have a claim to one-half of the property and all the chil *771 dren and heirs have a claim to the other one-half of the property. John A. Book left three sets of children:
1) Tillman H. Book, a child of Book and his first wife, Ollie Book,
2) The children of Book and Cora Jones Book,[2] and
3) The children of Book and Emma Fisher. There is no dispute concerning the fact that Book’s children of all three marriages will share in his half of the property under any determination. However, if a redemption took place, Cora’s heirs have an exclusive claim to her one-half interest. If a sale to John and Emma took place, one-half of the property belongs to Emma.
PARTIES TO THIS LITIGATION
The petition for declaratory judgment before us was brought by the succession administrator, Tilton G. Book; in his representative capacity, he is the sole plaintiff. He named as defendants all children of all marriages including himself. He also named Emma Fisher Book. For purposes of the record the names of the defendants are set forth in a footnote.[3]
PROCEDURAL HISTORY AND STATUS OF THE CASE
Tillman H. Book and all the children of Cora Jones, except Lovine Book Morace, filed an answer to the petition for declaratory judgment. At trial and on appeal they contend the property falls within the community of John A. Book and Cora Jones, his second wife.
On appeal, the administrator has for the first time filed a peremptory exception of prescription and asked that the case be remanded to the district court for trial of the exception.
The principal issues before us on appeal are:
1) Should this case be remanded to the trial court for trial of the exception of prescription filed after the appeal under LSA-C.C.P. art. 2163?[4]
2) Was the repurchase of the property from J.L. Calhoun a tax redemption or a conveyance to the community then existing between John and Emma Fisher Book?
3) If the act was a redemption, does the fact that the property was redeemed only in the name of John A. Book estop Cora’s children from claiming (as original co-owners of the property) that the redemption inures to their benefit?
4) Did possession of the property by John A. Book after the redemption give notice to Cora’s children of their father’s alleged intent to possess adversely to them sufficient to support acquisitive prescription against them?
The trial court found that the property reconveyance was a tax sale redemption and the property fell within the former community which existed between John A. Book and Cora Jones. We find the district court resolved the issues before him correctly. In our opinion the exception of prescription may not be urged by the administrator, and the issues of law raised on appeal must be resolved in favor of the defendants. We affirm the judgment of the district court.
THE PEREMPTORY EXCEPTION OF PRESCRIPTION
The administrator asserts that if the peremptory exception of prescription is pleaded for the first time in the appellate *772 court the plaintiff may demand that the case be remanded for trial on the exception if the matter is pleaded prior to the submission of the case for a decision and if proof of the ground of the exception appears in the record. LSA-C.C.P. article 2168. Although correct in his statement of the law, the administrator is not entitled to have the case remanded because he is not the proper party to assert the exception.[5] In his exception the administrator pleaded two kinds of prescription, one liberative and one acquisitive.
The first basis for the administrator’s plea is that prescription found in Article 1030 of the Civil Code, which is as follows:
“The faculty of accepting or renouncing a succession becomes barred by the lapse of time required for the longest prescription of the rights to immovables.”
This prescriptive period is thirty years as provided in LSA-C.C. article 3548.
It is true that it appears from the record that Cora Jones’ succession has never been opened and that more than fifty years have passed since her death. We pretermit the question of whether Cora’s heirs may have accepted the succession tacitly. The administrator, in this case whether in his individual or representative capacity, has no right to assert the prescription for accepting a succession. It is well settled in the jurisprudence that only an accepting co-heir or the transferee of an accepting co-heir may assert such prescription against an heir. Sun Oil Company v. Tarver, 219 La. 103, 52 So.2d 437 (1951), Lee v. Jones, 224 La. 231, 69 So.2d 26 (1953), Succession of Seals, 142 So.2d 629 (La.App. 2nd Cir.1962), Succession of Blanchard, 243 So.2d 329 (La.App. 4th Cir.1971).
The thirty-year prescription provided by Article 1030 is a liberative prescription. We are not at this point concerned with acquisitive prescription, and the liberative prescription pleaded under Article 1030 concerns the faculty of accepting the succession of Cora Jones Book.
The typical statement of the interpretation of Article 1030 is exemplified in the last of the cases cited above, the Blanchard case. It holds that “since the plea of prescription is available only to the succession, or its representative, or a co-heir who has timely accepted the succession, it cannot be invoked by the trespasser or one holding land or other succession property without semblance of right or title.” In this case the heirs of Cora Jones Book stand together, and it is the administrator of the Succession of John A. Book who attempts to invoke the bar of prescription. John A. Book was not an heir of his wife Cora Jones Book. Hence, Tillman G. Book, as succession representative of John A. Book’s estate, has no right or title in the estate of Cora Jones Book. In the language quoted above from Blanchard, the reference to “succession, or its representative” would apply, in this instance, to Cora’s succession or its representative, had there been one.
For the foregoing reasons the plea of liberative prescription filed with us should be overruled because the plaintiff is not a party with the right to plead the prescription.
THE RECONVEYANCE
In his appellate brief, the administrator alleges as error the finding of the trial court that the deed of J.L. Calhoun to John A. Book, dated September 21, 1932, was a redemption deed, redeeming property from a tax sale.
The portion of the trial court’s written reasons treating this question is quoted as follows:
“The case was originally heard in the Court on 8 March, 1982 and the Court issued an order, on its own motion, on 14 April, 1982 ordering a limited retrial for the reception of evidence of the value of the subject property on 21 September, 1932 when it was conveyed by Calhoun to Book. The Court was of the opinion that the value of the property at this time was critical to a decision in the case.
*773 “Pursuant to that order, a limited retrial was held on 10 May, 1982 at which time the Court received evidence of the value of the property on 21 September, 1932.
“The evidence adduced at the new trial, when considered with that of the original hearing, convinces me that the value of the 140 acre Book property on 21 September, 1932 was so much in excess of the $52.00 cash consideration recited in the deed that that transaction cannot by any stretch of the imagination be considered as an ordinary purchase of property for fair market value.
“In fact, when interest, cost of deed preparation, and cost of filing and recording are added, the $52.00 cash consideration appears to be so close to what the redemption price wohld be that any difference is inconsequential.
“The one year period given to a tax debtor for the right of redemption had barely expired in this case. But there is nothing in the law which prohibits the tax purchaser from waiving any prescriptive rights he may have acquired. The conversation between J.L. Calhoun and J.A. Book, as related by Mrs. Emma Book, when considered with Calhouns actions, indicate, that this is exactly what he did.
“I therefore am of the opinion that the instrument of 21 September, 1932 was actually a redemption deed and did not change the ownership of the property.”
After a careful reading of the record, we find that the trial court’s conclusions are correct.
ESTOPPEL
The administrator urges that the case of Bridges v. Trevino, 64 So.2d 528 (La.App. 1st Cir.1953) requires that we declare the Cora Jones heirs to be estopped from claiming the benefits of the redemption sale as co-owners. In that case, the court held that heirs who refused to help other heirs to pay part of the redemption price and refused to help pay taxes on the property were estopped from claiming ownership of the property some twenty years later. The court in that case based its decision on principles of equity.
Bridges v. Trevino, supra, is not applicable here. The evidence was unchallenged that at least two of Cora Jones’ heirs, who were minors at the time of the tax sale and redemption, were never apprised of those transactions. The other heirs did not testify, but it was stipulated that their testimony would be substantially the same. There is no evidence that Cora Jones’ heirs ever arbitrarily refused to pay taxes or that John A. Book requested that they pay taxes. No grievous harm has been suffered John A. Book’s other heirs. The other heirs of John A. Book were found by the trial court to have lived on the property along with the Cora Jones heirs up to the date of the trial. No allegations can be made, nor would any be supported by the evidence, of facts similar to the ones that convinced the court in the Bridges case to invoke equity. The payment of taxes was only briefly mentioned in the testimony, and evidence on the issue was not developed.
ADVERSE POSSESSION
Iri addition to the liberative prescription pleaded under LSA-C.C. article 1030, the administrator-appellant articulated in his peremptory exception filed in this court a claim of acquisitive prescription under LSA-C.C. articles 1305 and 3475. The evidence discloses no indication that John A. Book intended to possess adversely to the descendant co-owners. In fact, one of Cora Jones heirs, Artie Pecanty, testified that when their father received money from an oil lease granted on the property, he gave each of the Cora Jones heirs one-seventh of what would have been their mother’s share. This indicates that Mr. Book did not intend to possess adversely to the Cora Jones heirs despite the deed failing to mention the co-heirs. There is no basis for acquisitive prescription.
Although we reach these conclusions based on such evidence as is in the record, we conclude that the appellant does not *774 have a right to a remand under LSA-C.C.P. article 2163 to take further evidence on the point.[6] Appellant relies on the second paragraph of Article 2163. That paragraph provides:
“If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.”
The evident sense of this paragraph is that the right to demand a remand in such circumstances is given to the party against whom the peremptory exception of prescription is pleaded. It is not given to the party who pleads the exception. Fiorello v. Knecht, 334 So.2d 761 (La.App. 4th Cir. 1976), writ denied, 338 So.2d 300 (La.1976). Inasmuch as the administrator appellant filed an exception of acquisitive prescription against the defendants who are Cora Jones Book’s heirs, the right to demand a remand would be theirs rather than the other way around.
For these reasons we deny the request of Tilton G. Book, administrator of the Succession of John A. Book, for a remand to the trial court for the taking of evidence on the issue of acquisitive prescription.
DECREE
The judgment of the trial court is affirmed. All costs of this appeal are assessed to appellant.
AFFIRMED.

. The S/2 of the SW/4 of Section 10, and the NW/4 of the NW/4 and the N/2 of the NE/4 of the NW/4 of Section 15, T4NR6E, Concor-dia Parish, Louisiana, containing 140 acres, more or less.
LESS AND EXCEPT:
1) A 150 X 300 conveyed to Tilton G. Book by deed dated August 20, 1960, and recorded in COB K-7, Page 133.
2) One acre more or less conveyed to Shirley Book, by deed dated April 5, 1963, recorded at COB F-8, Page 417.

. The children of John A. Book and Cora Jones Book were Artie V. Pecanty, Leroy L. Book, John Edmond Book, Ira Book, John A. Book, Jr., Curtis D. Book and Lovine Book Morace.

. The defendants in this suit are: Tilton G. Book; Tillman H. Book; Artie V. Pecanty; Leroy L. Book; John Edmond Book; Ira Book; John A. Book, Jr.; Curtis D. Book; Lovine Book Morace; Melvin Ray Book; Shirley Dae Book; Catherine E. Paris; Judith A. Dunlap; Shelby Gene Book; and Emma Fisher Book.

.Since this opinion was drafted, counsel for the plaintiff, the administrator of the Succession of Book, has advised this court that his client wishes to withdraw the request for a remand. Counsel requests that we decide the prescription issue on the basis of the evidence in the record.

. See footnote four.

. See footnote four.