CRAIN, Judge.
Defendant-Appellants, known as “Group B” are one of four groups of defendants, comprising nearly a hundred individuals who were made defendants in a concursus proceeding initiated by the Humble Oil and Refining Co. At stake is the ownership of mineral rights and royalty payments to certain tracts of land in Assumption Parish.
Judgment was rendered in favor of the “Group A” defendants. The court found that their ancestors in title had acquired the land through the acquisitive prescriptions of 10 and 30 years dating back to 1910 when they went into possession of it. Only the “Group B” defendants appeal. They contend that as beneficiary heirs of their mother’s succession, acquisitive prescription could not run against them. Finding no merit to this argument, we affirm.
Appellants introduced evidence at trial to show that their parents acquired the property in 1883. Their mother died in 1893. Her succession was opened and they were recognized as heirs, but the succession was never closed. No judgment of possession was ever rendered. In 1903 their father sold the land which was eventually acquired by “Group A’s” ancestors. Appellants contend that their father could sell his own interest in the land but was without authority to sell theirs. Being minors at the time of their mother’s death, they were deemed to accept the succession with *964 benefit of inventory under La.C.C. art. 977, which made them beneficiary heirs in accordance with La.C.C. art. 883. They contend that as beneficiary heirs, acquisitive prescription could not run against them pursuant to the provisions of La.C.C. art. 3470. As such, they claim they are still owners of at least a portion of the land.
La.C.C. art. 3470 [1] provides in part that, “Prescription ... does not run against a beneficiary successor with respect to his rights against the succession.” We do not construe this article to mean a third party cannot acquire real rights by acquisitive prescription from an open succession where the heirs have accepted with benefit of inventory.
Article 3470 refers to rights against the succession. Appellants may still have rights against the succession. However, the rights appellants claim here are not against the succession, but are against third parties. An in pari materia reading with La.C.C. art. 1030[2] leads to the same result. See Succession of Blanchard, 243 So.2d 329 (La.App. 4th Cir.1971). This co-dal scheme clearly envisions rights one heir must assert against another heir. It was not envisioned to be an escape clause from acquisitive prescription. See for example, La.C.C. art. 3479, Dupuis v. Broadhurst, 213 So.2d 528 (La.App. 3rd Cir.1968).
The two cases appellants cite strengthen this interpretation. In Succession of Galiano, 195 So. 377 (La.App.1940) the claim the heir was making was for a debt due him for services rendered by him to the deceased. In Lee v. Jones, 224 La. 231, 69 So.2d 26 (1953) one heir was attempting to assert the 30 years liberative prescription of La.C.C. art. 1030 against a co-heir. Neither case involved the acquisitive prescription by unrelated third parties of property involved in a succession.
Accordingly, whatever rights appellants had to the property in question were lost. Finding no merit to appellants’ arguments the judgment of the trial court is affirmed. Appellants to pay all costs.
AFFIRMED.

. C.C. art. 3470 is one of several articles cited herein that have been amended and reenacted over the relevant years. The pertinent law however, has not changed. See former C.C. art. 3526.

. "Art. 1030. The faculty of accepting or renouncing a succession becomes barred by the lapse of time required for the longest prescription of the rights to immovables."