DOMENGEAUX, Judge.
This is a concursus proceeding provoked by Texas Eastern Transmission Corporation wherein the plaintiff, as holder of mineral leases on a tract of land situated in Acadia Parish, Louisiana, deposited certain funds into the registry of the court and impleaded the adverse claimants thereto. Two separate groups of persons were named as defendants. The first of these, which is referred to as the “Cahanin Group” is comprised of Claude Cahanin, Ruso Cahanin, Renia Cahanin Dugas, Gus-tave Cahanin, Jr., and Ernestine Cahanin Dupuis. The second, termed the “Lacombe Group”, consists of Amatile Lacombe, Mabel Cahanin Melancon, Lillian Cahanin Smith, Cleveland Cahanin, Eula Cahanin Smith, Anna Belle Cahanin Latiolais, and Esare Cahanin Hanks. The trial court rendered judgment in favor of the La-combe Group, declaring them to be the owners of the disputed tract, and the Ca-hanin Group has appealed to this court.
The claim of ownership of the Lacombe Group is based on an act of sale passed before a Notary Public on February 4, 1939 whereby the Cahanin Group conveyed the land to them. Additionally they plead, inter alia, acquisitive prescription of ten and thirty years, alleging that they have a title translative of ownership and that they have possessed as owners for more than thirty years.
The Cahanin Group claim ownership by virtue of inheritance from their father, the original owner of the land. On appeal they argue that they never intended to convey the land to the Lacombe Group but that they only wished to gratuitously permit them to live on and use the land. Additionally they allege that the stated consideration was never paid and that the act of sale was not translative of title. All of these allegations were denied by the La-combe Group.
The act of sale in question was in authentic form and complete and regular *149 on its face. “The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery”. La.Civil Code, Art. 2236.
The instrument was certainly not proved to be a forgery, and indeed there was abundant evidence to justify the trial court’s conclusion that the parties intended a transfer of ownership of the land, and that the stated consideration was in fact paid, and we therefore concur therein.
The description of the property as contained in the act of sale while not so defective as to preclude a valid transfer of ownership, is rather sketchy. Therein the property is described as being:
“That Certain Tract of Land and all of the Improvements thereon, lying in the Second Ward of Acadia Parish, Louisiana, and Containing Fourteen and Forty-Three Hundredths Acres, (14-43) and being in Section Forty Four, (44) Township Nine (9) South — Range Two, (2) East Louisiana Meridian, * * * ”
There is nothing in the record which would indicate any uncertainty regarding the location of the tract, however, and instead it is clear that both the vendors and the vendees are fully cognizant of what land is involved. Additionally, we consider our jurisprudence to the effect that as between the parties to a sale, the description of the property conveyed need not be so definitive as when third parties are involved, Cattle Farms, Inc. v. Abercrombie, La.App., 211 So.2d 354, and that descriptions of property should be liberally construed in favor of the vendeee. Placid Oil Company v. Young, La.App., 246 So.2d 306, and cases cited therein. Therefore, while we do not reach the question of whether this description would be sufficient to affect the rights of third parties, we find that, under the circumstances of this case, it is sufficient as between the vendors and the vendees, i. e. the Cahanin and Lacombe groups, to be translative of ownership. See also Dupuis v. Broadhurst, La.App., 213 So.2d 528; writ refused 252 La. 967, 215 So.2d 131.
Although there is no doubt as to what tract of land was conveyed, there is some uncertainty regarding the amount of land therein contained. This arises from a discrepancy in the number of acres contained in the tract, as well as the governmental sections wherein it lies, between the description given in the act of sale and that used by the trial court in rendering judgment. Thus the latter described the property as being:
“That certain tract of land containing Seventeen and %o (17.6) acres, more or less, lying in Section Fifty-four (54), Township Eight (8) South, Range Two (2) East, and in Section Forty-four (44), Township Nine (9) South, Range Two (2) East, Acadia Parish, Louisiana, and bounded, now or formerly, as follows : On the Northeast by Marcial Broussard and Estate of Aurelien Cor-mier; on the Southeast by Bayou Wi-koff and Whitney Brasseaux; on the Southwest by Whitney Brasseaux; and on the Northwest by Whitney Brasseaux and Roy Andrus.”
The description appearing in the act of sale coincides with that appearing on the numerous tax receipts issued to Amatile Lacombe over the years, and that used by the trial court conforms to the description given in the mineral leases forming the basis of this proceeding.
Aside from a stipulation by counsel for both sides that the property affected by the mineral leases is as described by the trial court, the only evidence on the point is to be found in a statement made by Amatile Lacombe in the course of her deposition to the effect that the land she leased to the oil company is the same land that she purchased from the Cahanin Group. No one testified that the tract in question contains 17.6 acres, or for that *150 matter that it contains 14.43 acres, nor was the acreage contained therein established by any other evidence. We are therefore left with 3.17 acres of land, upon which royalties are apparently being paid into the registry of the court, the existence, location, and ownership of which have not been proved.
The trial judge was corréct in his obvious conclusion that the act of sale was valid and translative of ownership. He erred, however, when he went beyond the 14.43 acres conveyed by that instrument and decreed the Lacombe Group to be the owners of 17.6 acres and as such entitled to the royalties thereto appertaining, as the inclusion of an additional 3.17 acres is not supported by the evidence. The judgment must therefore be amended so as to decrease the land awarded to the Lacombe Group to 14.43 acres and decrease the royalties to which they are entitled to those payable on 14.43 acres.
This being a concursus proceeding, the plaintiff oil company is entitled to a decree encompassing the entire acreage described in its mineral leases, and therefore any judgment omitting the additional 3.17 acres would fail to satisfy the demands of the petition. In the interest of putting an end to this controversy and of achieving complete justice among those involved, therefore, we have no alternative but to remand this case for a determination of all questions involving the 3.17 acres.
Accordingly the judgment of the trial court is affirmed insofar as it recognizes the validity of the act of sale between the Cahanin Group and the Lacombe Group, and the benefits flowing to the latter therefrom. It is reversed insofar as it recognizes the Lacombe Group to be the owners of more than 14.43 acres of land by virtue of the said act of sale and entitled to royalties payable on more than the said acreage. Finally, the case is remanded to the district court for further proceedings and the rendition of judgment not inconsistent with the views herein expressed. Costs of this appeal are to be taxed to the sums deposited in accordance with LSA-CCP Article 4659.
Affirmed in part, reversed in part and remanded.