DOMENGEAUX, Judge.
On February 5, 1965, Texas Eastern Transmission Corporation invoked a concur-sus proceeding whereby it deposited the sum of $934.43 into the Registry of the Court, representing income due certain mineral royalty owners, the rights thereto claimed by different individuals, hereinafter referred to as the “Cahanin Group” and the “Lacombe Group”. After trial on the merits, the district court determined that the Lacombe Group were rightful owners of an entire 17.6 acre tract in dispute including the mineral rights attendant thereto. That decision was appealed to this Court wherein we partially reversed the trial court, finding the Lacombe Group to be owners of 14.43 acres and the Cahanin Group owners of 3.17 acres of the total 17.6 acre tract. See Texas Eastern Transmission Corporation v. Cahanin, 256 So.2d 147 (La.App. 3rd Cir. 1971), writ refused, 260 La. 1117, 258 So.2d 374. The case was remanded to the district court for a deter- *416 initiation of the existence and location of the 3.17 acres vis-a-vis the 14.43 acres.
Upon remand, the trial court rendered a judgment which specifically provided:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the “Lacombe Group” of the following described property:
That certain tract of land containing fourteen and 43/100 (14.43) acres, more or less, lying in Section Fifty-four (54), Township Eight (8) South, Range Two (2) East and in Section Forty-four (44), Township Nine (9) South, Range Two (2) East, Acadia Parish, Louisiana, and bounded, now or formerly, as follows: On the Northeast by Marcial Broussard and Estate of Aurelien Cormier; on the Southeast by Bayou Wikoff and Whitney Brasseaux; on the Southwest by Whitney Brasseaux and on the Northwest by Whitney Brasseaux and Roy Andrus.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Judgment of this Court specifically limits the ownership of the “Lacombe Group” to the 14.43 acre tract of land and the “Ca-hanan Group” is recognized as owners of the S.17 acres described as lying within the above described tracts of land.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk of Court of Acadia Parish, Louisiana, pay all funds deposited in the Registry of this Court to the parties as per this Judgment, and;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the members of the “Lacombe Group” return to the “Cahanan Group” all funds withdrawn by them from the Registry of the Court attributable to the 3.17 acre tract of land;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Texas Eastern Transmission Corporation pay all amounts due attributable to oil, gas and minerals produced from the 3.17 acre tract of land to the parties as stipulated in this Judgment;
. ” (Emphasis added)
This judgment was signed on February 21, 1975. Neither party appealed therefrom, and no motion for a new trial was made.
Subsequently, on November 6, 1975, the Cahanin Group instituted summary proceedings seeking to recover a money judgment equal to the amount due them by the Lacombe Group for royalty payments received by the latter on the 3.17 acre tract or, alternatively, the sum of $20,000.00.[1] This latest action forms the basis for this appeal.
At the trial on the rule, the Lacombe Group introduced evidence, over objection, to show that the 3.17 acre tract either did not exist or was not actually contained in the 14.43 acre tract as above described in the judgment of February 21, 1975. The trial judge opined that he was powerless to amend the above referred to judgment since same had become final and definitive. Concerning monies due the Cahanin Group by the Lacombe Group the trial judge reiterated the February 21, 1975, judgment and again ordered:
“ . . . the ‘Lacombe Group’ to return to the ‘Cahanin Group’ any money received from the 3.17 acre tract of land particularly, any money withdrawn by the ‘Lacombe Group’ from the Registry of the Court attributable to the 3.17 acre tract of land;
The Cahanin Group’s alternative prayer for judgment in the sum of $20,000.00 was denied. The Lacombe Group has appealed seeking, in essence, an amendment of the February 21, 1975, judgment. The Cahanin Group has filed an exception of prescription with this court.
We note at the outset that the trial judge was correct in his appreciation of the law *417 regarding his authority to amend the February 21, 1975, judgment. Once the delays for a new trial had expired pursuant to C.C.P. Article 1974 the District Judge was without authority to substantively modify his prior judgment.[2]
Furthermore, C.C.P. Article 2089 requires that:
“All judgments and decrees which affect title to immovable property shall describe with particularity the immovable property affected.”
The Lacombe Group contends that the trial court description of the 3.17 acres in its February 21, 1975, judgment is inadequate and requests that we delete that judgment’s reference thereto. We are of the opinion that this court likewise lacks authority to modify the judgment complained of by the Lacombe Group. The delays for appeal provided for in C.C.P. Article 2087 have long since expired. Thus we are able to make no determinations concerning that judgment except that it is final and definitive. Accordingly, the judgment of the trial court must be affirmed.
It has been suggested that C.C.P. Article 2164 empowers this court to grant the La-eombe Group’s request to amend the complained of judgment. That article provides:
“The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable. (Emphasis added).”
We acknowledge the fact that since the inception of these proceedings there has yet to be a clear demonstration of exactly where the questionable 3.17 acres lie or even, if in fact, that property exists at all. We are aware that a high probability exists that the 3.17 acres are not contained within the 14.43 acre tract as found by the trial judge. However, as we have stated, no appeal was timely perfected, that act being necessary to vest jurisdiction with this court. For that reason, a ruling on our part affecting the February 21, 1975, judgment would not be “legal” within the scope of C.C.P. 2164. In short, even assuming ar-guendo that the February 21, 1975, judgment is incorrect, the Lacombe Group has simply waited too long to appeal to this court for remedy thereof.[3]
In view of our decision herein, we determine it unnecessary to consider the Cahanin Group’s exception of prescription.
For the above and foregoing reasons the judgment of the district court is affirmed. Costs of this appeal are assessed against defendants-appellants, the Lacombe Group.

AFFIRMED.

. No issue is made as to the propriety of the utilization of summary proceedings for those purposes.

. It should be noted that this litigation does not involve an action for nullity, the rules applicable thereto being contained in C.C.P.

. The record indicates that the attorney representing the Lacombe Group withdrew as counsel of record on March 20, 1974. The proceedings which culminated in the February 21, 1975, judgment commenced on July 1, 1974. Apparently the Lacombe Group were unrepresented by counsel from March 20, 1974, until November of 1975, when these summary proceedings were instituted.