STOKER, Judge.
This matter is presently before us on a Petition for Partition either in kind or by licitation. The matter has been before us twice previously. We first dealt with this controversy in Texas Eastern Transmission Corporation v. Cahanin, 256 So.2d 147 (La. App. 3rd Cir. 1971), writ refused, 260 La. 1117, 258 So.2d 374 (La.1972). The second time the case came before us was in 343 So.2d 415 (La.App. 3rd Cir. 1977). In that last opinion we held that a judgment of the district court dated February 21, 1975, had become final because the appellants, the “Laeombe Group” did not timely appeal.
*670 In the present litigation the district court ordered that a survey of the property be conducted by Frank Lyman, a registered land surveyor. The trial court indicated it would determine whether the property could be partitioned in kind after receipt of the survey. In its judgment the trial court construed the judgment of February 21, 1975. It is this latter action which defendants appeal from.
In their brief the appellants, the Lacombe Group, complain of certain errors which they contend pose issues as follows:
1. Whether a judgment should be amended or interpreted where it is impossible to enforce it as written.
2. Whether the District Court may, “at this late date,” now modify a judgment rendered February 21, 1975, in order to divest the Lacombe Group of ownership of any portion of the 14.43 acre tract which it has been recognized as owner of throughout the many trials and appeals relating thereto over the last 16 years.
3. Whether the judgment rendered February 21, 1975, should be interpreted in accordance with the rules for construction of judgments recognized by Louisiana courts.
Following the trial of July 10, 1978, the trial court rendered written reasons for judgment on June 1, 1979. After briefly reviewing the history of the litigation, the trial court concluded as follows:
“This court concludes that the decision of the District Court as affirmed by the Court of Appeal on the last hearing is final. This court, therefore, must conclude that the Cahanins are entitled to the ownership of 3.14 [sic] acres of land in the tract in question and this is so even if the land consists of only 14.43 acres rather than the 17.6 acres mentioned.
“The court will, therefore, order that a survey be made of the tract in question to determine whether the property can be divided in kind and if not, the property must be sold with the Cahanins receiving 3.14 [sic] acres and the Lacombes the balance, whatever this may be.
“Costs of court to await the final determination of this matter.
“Appropriate judgment will be signed upon presentation.
“Reasons rendered at Lafayette, Louisiana this 1st day of June, 1979.
s/ Douglas J. Nehrbass
DISTRICT JUDGE”
The judgment of the trial court appealed from, signed on October 25, 1979, is couched in substantially the same language as that contained in the reasons for judgment.
I.
The first issue presented by the appellants is whether a judgment should be amended or interpreted where it is impossible to enforce the judgment as written.
The particular judgment in question described as final is set forth in part in our opinion in 343 So.2d 415, page 416. We now set forth the judgment in full inasmuch as it is the focus of the present appeal. The judgment in question (Tr. 19, record in our appeal number 5802) reads as follows:
“JUDGMENT
“This matter came to be heard on July 1st, after being regularly fixed for trial and after service of the notice of trial of all parties not represented by counsel. Present Homer Ed Barousse, Jr., attorney for ‘Cahanan [sic] Group’
“The Court considering the law and the evidence and same being in favor of the ‘Cahanan [sic] Group’ and for the reasons for Judgment dated January 28, 1975, and for the oral reasons this day assigned;
“IT IS ORDERED, ADJUDGED AND DECREED that there be Judgment herein in favor of the ‘Lacombe Group’ of the following described property:
That certain tract of land containing fourteen and ‘‘Vioo (14.43) acres, more or less, lying in Section Fifty-four (54), Township Eight (8) South, Range Two (2) East and in Section Forty-four (44), Township Nine (9) South, Range Two (2) East, Acadia Parish, Louisiana, and *671 bounded, now or formerly, as follows: On the Northeast by Marcial Broussard and Estate of Aurelien Cormier; on the Southeast by Bayou Wikoff and Whitney Brasseaux; on the Southwest by Whitney Brasseaux and on the Northwest by Whitney Brasseaux and Roy Andrus.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Judgment of this Court specifically limits the ownership of the ‘Lacombe Group’ to the 14.43 acre tract of land and the ‘Ca-hanan [sic] Group’ is recognized as owners of the 3.17 acres described as lying within the above described tracts of land.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk of Court of Acadia Parish, Louisiana, pay all funds deposited in the Registry of this Court to the parties as per this Judgment, and;
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the members of the ‘Lacombe Group’ return to the ‘Cahanan [sic] Group’ all funds withdrawn by them from the Registry of the Court attributable to the 3.17 acre tract of land;
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Texas Eastern Transmission Corporation pay all amounts due attributable to oil, gas and minerals from the 3.17 acre tract of land to the parties as stipulated in this Judgment;
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all costs are to be paid from the funds deposited in the Registry of the Court.
“THUS RENDERED, READ ALOUD AND SIGNED in Chambers at Crowley, Louisiana, this 21st day of Feb. . 1975.
s/Charles T. Everett”
In our opinion reported at 343 So.2d 415, we held that the judgment of February 21, 1975, rendered by District Judge Charles T. Everett, could not be modified or amended because there had been no timely appeal from the judgment. In the present partition suit a different trial judge has issued a judgment which either modifies or interprets the judgment rendered by Judge Everett on February 21, 1975.
The question before us is whether the judgment may be modified or interpreted, and if so, whether the judgment appealed from is correct.
The first opinion of this Court of Appeal in 256 So.2d 147 (as to which a writ was refused) clearly affirmed the title of the Lacombe Group to 14.43 acres. In that decision we were of the opinion that the concursus proceeding was concerned with 17.6 acres because the plaintiff in the con-cursus, Texas Eastern Transmission Corporation, designated the tract as containing that much acreage. In the first paragraph of the dispositive portion of the judgment of February 21, 1975, the trial court again confirmed the Lacombes in the ownership of 14.43 acres. The second paragraph of the trial court’s judgment of February 21, 1975, introduces an element of confusion. The second paragraph states “the ‘Cahanan [sic] Group’ is recognized as owners of the 3.17 acres described as lying within the above described tracts of land.” (Emphasis supplied.) Unfortunately, the judgment described one tract only, namely, the 14.43 acre tract. However, through reference to the trial court’s reasons for judgment at transcript pages 16 and 17 in the record on appeal in 343 So.2d 415 (our number 5802), it is clear that the trial court thought that it was dealing with a tract which contained seventeen or more acres.[1]
Those reasons for judgment read as follows:
*672 “REASONS FOR JUDGMENT
“On February 22, 1971, judgment was rendered in this suit recognizing Amatile Lacombe and others as the owners of a 17.6 acre tract which was described in particularity in the formal judgment signed March 4,1971. Subsequently, this case was appealed to the Court of Appeal, Third Circuit wherein the judgment was ‘AFFIRMED IN PART, REVERSED IN PART AND REMANDED.’ The Court stated:
‘The judgment must therefore be amended so as to decrease the land awarded to the Lacombe Group to 14.43 acres and decrease the royalties to which they are entitled to those payable on 14.43 acres.’
“Following this mandate a trial was held wherein the evidence adduced established that Claude Cahanan, [sic] together with his brothers and sisters, did not recall executing an instrument wherein they transferred certain property to Am-atile Lacombe but do recall that they permitted her to live on 14 acres of land until her small child was old enough to care for himself.
“I am convinced that the 3.17 acres which was erroneously included within the 17 [sic] acre tract of land was never intended to be conveyed to the Amatile Lacombe Group but is properly owned by the Claude Cahanan [sic] Group, as well as the oil, gas and mineral royalties that may be produced from that area.
“It is the judgment of this court now that the Lacombe Group is entitled to the following described property:
That certain tract of land containing Fourteen and ‘‘Vioo (14.43) acres, more or less, lying in Section Fifty-four (54), Township Eight (8) South, Range Two (2) East, and in Section Fourty-four (44), Township Nine (9) South, Range Two (2) East, Acadia Parish, Louisiana, and bounded, now or formerly, as follows, On the Northeast by Marcial Broussard and Estate of Aurelien Cor-mier; on the Southeast by Bayou Wi-koff and Whitney Brasseaux; on the Southwest by Whitney Brasseaux; and on the Northwest by Whitney Bras-seaux and Roy Andrus.
“Costs to be paid from the funds deposited in the registry of the Court.
“Formal judgment consistent with these views will be signed upon presentation.
“Rendered at Crowley, Louisiana, this 28th day of January, 1975.
s/ Charles T. Everett
DISTRICT JUDGE”
Inasmuch as the Lacombe Group has been twice confirmed in the ownership of 14.43 acres we hardly see how we can now approve an interpretation of the trial court judgment of February 21, 1975, a final judgment, which could possibly reduce the ownership of the Lacombe Group below 14.-43 acres. In 343 So.2d 415 we held that the trial court was correct in refusing to amend the judgment of February 21, 1975, on the application through rule by the Lacombe Group for the reason that the judgment had become final and definitive. Nevertheless, we made the following observation:
“We acknowledge the fact that since the inception of these proceedings there has yet to be a clear demonstration of exactly where the questionable 3.17 acres lie or even, if in fact, that property exists at all. We are aware that a high probability exists that the 3.17 acres are not contained within the 14.43 acre tract as found by the trial judge.”
By reference to the trial court’s reasons for judgment, as demonstrated above, the present panel of this court does not believe the trial judge actually held that the 3.17 acres was contained in the 14.43 acre tract. We think that the judgment presented to the trial court for signature was drafted with an ambiguity inherent in its language. We do think that the second sentence just above quoted is correct, and it may well be that the 3.17 acre tract does not exist at all.
The reference to 17.6 acres was introduced into the controversy between the two groups by the Texas Gas Transmission Corporation when it filed its concursus proceeding. It was then used by the trial court. It *673 should be noted that the description in question states that the 17.6 acres of land is situated in two sections of land rather than one as called for in the act of sale by which the Lacombe Group acquired their title to 14.43 acres. See the descriptions in question, 256 So.2d 147 at page 149.
We previously held that the February 21, 1975, trial court judgment could not be modified or amended. On the other hand, we are under the necessity of interpreting the judgment which we consider ambiguous and of ruling on the correctness of the latest trial court judgment which is now before us on appeal.[2] The previous judgments were rendered by the Honorable Charles T. Everett, District Judge who subsequently retired. The judgment presently appealed from was rendered by the Honorable Douglas J. Nehrbass, District Judge.
II.
The judgment of Judge Nehrbass recognized the Cahanins “as owners of 3.14 [sic] acres of land regardless of whether the land consists of 14.43 acres or 17.6 acres.” In our view the opposite approach should be taken. Evidence in the record shows the Lacombe Group to have occupied 14.43 acres in Section Forty-four (44), Township Nine (9) South, Range Two (2), East Louisiana Meridian in Acadia Parish, Louisiana. Survey designated L-100, transcript page 44, record in appeal number 5802 filed October 22, 1976. That is what their title called for. It is our interpretation of the trial court judgment of February 21, 1975, and it is our holding here, that the 3.17 acres of which the Cahanins were recognized as owners are situated outside the 14.43 acres of which the Lacombes have been recognized as owners. It is our interpretation that the meaning of the word “tracts” used in the plural in the clause reading “the Cahanan [sic] Group is recognized as owners of 3.17 acres described as lying within the above described tracts of land” has reference to two tracts, one of 14.43 acres and one of 3.17 acres which together were conceived by Judge Everett to form a tract of 17.6 acres.
In view of the tenuous support for the actual existence of the 3.17 acres, it is our view that the Cahanin Group is entitled in this petition to 3.17 acres only if it can be found by survey to exist over and above 14.43 acres which we hold shall be allotted to the Lacombe Group by way of priority. Inasmuch as it is not clear what the original reference to 17.6 acres is based upon, and the fact that the title of the Lacombes called for 14.43 acres, we are of the opinion that it was Judge Everett’s intention in his judgment of February 21, 1975, to give priority to the Lacombe Group.
III.
In summary, we conclude that the judgment of February 21, 1975, is ambiguous and unclear and should be interpreted. We conclude that the trial judge’s interpretation embodied in the judgment on appeal here is not the proper interpretation and should be reversed.
IV.
For the foregoing reasons we reverse the judgment of the trial court in this matter dated October 25, 1979.
IT IS NOW ORDERED, ADJUDGED, AND DECREED that the trial court judgment of the Fifteenth Judicial District Court in civil suit entitled Texas Eastern Transmission Corporation v. Amatile Lacombe, et al, bearing number 26,113 on the docket of that court, which was declared final in our judgment in 343 So.2d 415, shall be construed so as to entitle defendants-appellants herein to 14.43 acres by way of priority in any partition ultimately effected herein.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the judgment shall be construed to entitle defendants-appellants to a maximum of 14.43 acres of any acreage disclosed by the survey ordered herein; and that should the survey disclose the tract in question to contain less *674 than 14.43, the defendants-appellants shall be entitled to the whole thereof.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the judgment shall be construed to entitle plaintiffs-appellees only such acreage as may exceed 14.43 acres.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that should it become necessary to order a partition by licitation that the proportionate shares of any proceeds be allotted in conformity with the views expressed in this opinion.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the judgment of the trial court of October 25, 1979, be affirmed in all other respects, particularly with respect to the appointment of a surveyor to conduct a survey of the property in question and the order of the trial court that further proceedings herein await the return of the survey to the trial court.
The costs of this appeal shall be assessed to plaintiffs-appellees.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.

. Reasons for judgment form no part of the judgment and are not ordinarily considered. There is authority, however, for considering the entire record including reasons for judgment, the pleadings, the subject matter of the suit and other matters of record in the event of doubt or ambiguity in order to arrive at an interpretation of the judgment. American Bank & Trust Co. v. Blue Bird Restaurant and Lounge, 294 So.2d 302 (La.App. 1st Cir. 1974), writ refused, 296 So.2d 840 (La.1974); Kilcrease, Ehlinger and Faulkner, Inc., v. McLeod, 357 So.2d 67 (La. App. 4th Cir. 1978); and Succession of Delesdernier, 184 So.2d 37 (La.App. 4th Cir. 1966).

. See footnote 1.