715 So.2d 498 (1998)
Anthony HIDALGO and Kathy Hidalgo, Plaintiffs-Appellees,
v.
Henry Lee JULIAN and Frances H. Julian, Defendants-Appellants.
No. 98-83.
Court of Appeal of Louisiana, Third Circuit.
May 20, 1998.
*499 Michael R. Garber, Lake Charles, for Anthony Hidalgo and Kathy Hidalgo.
Frank C. Miller, III, Lake Charles, for Henry Lee Julian and Frances H. Julian.
Before THIBODEAUX, SAUNDERS and DECUIR, JJ.
THIBODEAUX, Judge.
Henry and Francis Julian appeal the trial court's judgment ordering them to execute an act of sale conveying their home to Anthony and Kathy Hidalgo for the sum of $14,000.00. The Hidalgos sued the Julians for specific performance of a signed purchase/sell agreement after the Julians refused to close the sale. The Julians alleged that but for the Hidalgos' erroneous indication to them that the property was termite infested, they would not have entered into the contract for that price. They alleged that their consent was vitiated by this error or, in the alternative, lesion beyond moiety, contending that the agreed-upon sale price of $14,000.00 is less than half of the value of the property. They also argued that the contract was void because it failed to contain an adequate description of the immovable property at issue. The trial court did not find the existence of an error and also ruled that the Julians failed to carry their burden of proving lesion beyond moiety. The Julians suspensively appealed.
We find that the statements of the Hidalgos were not proven to be erroneous; that the description of the property in the contract was sufficient to reasonably apprise all parties as to what was being purchased and should not serve to invalidate the contract; and, that the Julians failed to prove by a preponderance of the evidence that the sale price was less than half of the actual market value of their home. The judgment of the trial court is affirmed.

I.

ISSUES
We must determine:
1. whether the Hidalgos' alleged misrepresentation regarding the condition of the property constituted an error that prevented the Julians from validly consenting to the agreement to purchase and sell;
2. whether the agreement was invalid because of an inadequate description of the property; and,
3. whether the sale is lesionary and should be canceled.

*500 II.

FACTS
The Julians own a 1,525 square feet, one bedroom, one bath house located at 220 Big Lake Road in Cameron Parish. The residence is located in a resort camp neighborhood and is situated on two lots measuring 138.2 feet × 100 feet in the Herbert Summer Place subdivision. After living in the residence for twenty-one years, the Julians moved to Natchitoches, Louisiana to care for an elderly relative, and placed their home on the market for $32,000.00. This figure was arbitrarily chosen by Henry Julian based upon a comparison he made of the selling prices of other properties in the subdivision.
The Hidalgos submitted a bid to purchase the property for $28,000.00. The Julians accepted the offer and all parties signed an "Agreement to Purchase and Sell" for that price on June 19, 1996. Soon thereafter, Hidalgo met Eric Rue, the owner of another home in the subdivision. Rue informed Hidalgo that he had also been interested in the Julians' home at one time but discovered, after having an inspection performed by Chris Pumpelly of Alamo Insect Control, that the house had structural damage caused by termites. Rue testified that during the inspection, Pumpelly went under the house to view the sills, joists and subflooring and actually showed him a rotten sill by pushing a screwdriver through it.
Hidalgo immediately called the Julians, who, by then, had been living in Natchitoches for close to a year. He spoke with Henry Julian and told him that the house was termite infested and had structural damage and that he and his wife no longer wanted to buy the house. Julian testified that since he had not lived at the property for nearly a year, he accepted Hidalgo's representation as being true and, consequently, asked him what he would be willing to pay for the property. Hidalgo stated that they would purchase it for half of the agreed upon price, $14,000.00. Julian initially rejected the offer but called Hidalgo later that afternoon and agreed to the new price. A new "Agreement to Purchase and Sell" was signed by the parties on June 25, 1996, designating a purchase price of $14,000.00. The Hidalgos also paid the Julians a deposit of $500.00.
After performing a title examination, the Hidalgos forwarded a cash deed to the Julians on August 2, 1996, requesting that they sign it in the presence of a notary public and return it to them for filing. They stated the balance of the purchase price, less the abstractor's fee of $135.00, would be forwarded upon receipt of the executed deed. Before the deed was executed, however, the Julians received notice that their home was not termite infested. In a letter dated August 5, 1996, Lyle Cormier of J & J Exterminating Company, who had been hired by the Julians to conduct an inspection of the property on July 31, 1996, reported the results of his inspection of the property. He wrote that the results of that inspection were based solely upon those areas readily accessible for visible inspection; therefore, many areas, especially underneath the house, were not inspected. He characterized his inspection as being inferior for this reason and concluded that although there were several existing conditions that made the property conducive to termite infestation, he was unable to detect any active infestation. He did not comment on the existence of structural damage. On that same date, August 5th, the Julians returned the $500.00 deposit to the Hidalgos, reimbursed them in full for the cost of updating the abstract, and advised them by letter that the agreement was not valid for numerous undisclosed reasons. The Julians continued to refuse to close the sale, and the Hidalgos filed a suit seeking specific performance of the contract.
The Julians answered, denying that any valid, enforceable agreement existed. They alleged that their consent was vitiated by error as to the condition of the property they were trying to sell and that the agreement contained an inadequate description of the property. They also urged the court to take notice of the fact that they had returned the $500.00 deposit to the Hidalgos. During the trial, the Julians raised the issue of lesion beyond moiety as a defense. They offered the appraisal of the property conducted on May 9, 1997, by A. Albert Cooley, a court recognized, expert real estate appraiser, as *501 proof of the estimated market value of the property. Cooley found that the home would be worth $33,000.00 in the absence of termite infestation or structural damage.
The Hidalgos had their own inspection of the property conducted by Chris Pumpelly of Alamo Insect Control on August 5, 1996. This was his second inspection of the property. According to Pumpelly, the subflooring was rotten and the sills and joists were also rotten and falling apart. In addition, he found termite runners on a floor joist. This evidenced a prior infestation; however, he did not find an active infestation.
The trial court essentially stated in written reasons that the error complained of by the Julians had not been established. The court further reasoned that if an error existed, it was unilateral on the part of the Julians and could not be used to invalidate the contract because it was caused by their neglect in discovering the error. The court determined that the Julians did not attempt to have an inspection of the property done before entering into the contract, and that the inspection they chose to later rely upon was inferior because more than half of the substructure had not been inspected. Therefore, the court held that the Julians could not now void the agreement because of claims of being misled as to the condition of the property. The court further held that the Cooley appraisal of $33,000.00 was not an accurate appraisal since the uncontroverted testimony of both Eric Rue and Alamo Insect Control established the fact of termite damage. Consequently, the court held that the Julians failed to carry their burden of proving lesion beyond moiety. The issue of the adequacy of the property description in the contract was not addressed by the court in its written reasons. The Julians suspensively appealed.

III.

LAW AND DISCUSSION

Error
The Julians allege that but for the Hidalgos' misrepresentation to them that the Julian home was termite infested and had suffered structural damage because of termites, they would not have entered into a contract to sell their home for $14,000.00. This constituted error as to a cause of the contract, thus vitiating their consent to the contract. As a result, the Julians assert that the trial court incorrectly found that their consent had not been vitiated. The Hidalgos, on the other hand, contend that the trial court correctly found that no error had been proven regarding the condition of the property. Further, they argue that even if there was error as to the condition of the property, the error was unilateral on the part of the Julians and, consequently, they cannot avail themselves of their own error and have the contract voided. Massachusetts Indem. & Life Ins. Co. v. Humphries, 93-2025 (La.App. 1 Cir. 10/7/94); 644 So.2d 818. In addition, the Hidalgos assert that a party in error may not avail himself of his error if the other party is willing to perform the contract. La. Civ.Code art. 1951. Therefore, since they are willing to perform the contract, they argue that the Julians are bound to perform.
"Contracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law." La.Civ.Code art. 1983. Error is a vice of consent and serves to vitiate consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party. La.Civ.Code arts. 1948; 1949. Cause is defined by the Civil Code as the reason why a party obligates himself. La.Civ.Code art. 1967. In determining whether an error concerns a cause of a contract, the Civil Code states:
Error may concern a cause when it bears on the nature of the contract, or the thing that is the contractual object or a substantial quality of that thing, or the person or the qualities of the other party, or the law, or any other circumstance that the parties regarded, or should in good faith have regarded, as a cause of the obligation.
La.Civ.Code art. 1950.
The facts of this case establish that the cause which prompted the Julians to agree to sell their home for $14,000.00, was their belief *502 that the substantial quality of the home had been diminished because the house was termite infested and suffered from structural damage. It is clear from the record that before the Julians were told of the damage they would not have agreed to sell the house for this price. This is evidenced by the fact that Henry Julian placed the house on the market for $32,000.00, the Julians refused an earlier offer of $17,000.00 from Eric Rue, and had also initially intended to sell the property for $28,000.00 to the Hidalgos.
Error, as a vice of consent, however, has not been established in this case. In support of their contention that the Hidalgos were wrong and the house was not termite damaged or infested, the Julians offered the inspection report of J & J Exterminating Company. The trial court found that this report did not prove that the Hidalgos were erroneous in their assertion. We agree. The inspection relied upon by the Julians was an incomplete and entirely visual inspection of the property. For these reasons, the inspector himself described it as being "inferior." The Julians' inspection report failed to mention the existence or non-existence of structural damage and only concluded that the house was not "termite ridden." Consequently, the trial court found that this inspection report was less persuasive than that performed by Alamo Pest Control on behalf of the Hidalgos. The court found that the Julians' incomplete inspection failed to contradict the Alamo inspector's findings of termite damage, which were discovered pursuant to a physical examination of the property that included crawling under the structure for a second time to examine the subflooring, sills and joists. The trial court's factual findings are reasonably supported by the record and are not manifestly erroneous. See Stobart v. State, Through Dept. of Transp. & Dev., 617 So.2d 880 (La.1993).

Property Description
The Julians assert that the contract should be invalidated because the contract failed to contain an adequate description of the property to be sold. The trial court failed to mention the sufficiency of the property description in its reasons for judgment, which we interpret as an implicit denial of this contention. As between parties to a sale, the description of the property to be conveyed need not be so definitive as when third parties are involved. Texas Eastern Transmission Corp. v. Cahanin, 256 So.2d 147 (La.App. 3 Cir.1971), writ denied, 260 La. 1117, 258 So.2d 374 (1972). Just as in Texas Eastern, our review of the record reveals that the identity of the immovable property that is the subject of the dispute was never uncertain or at issue. In fact, the record reflects that the cash deed that the Julians refused to execute, contains a complete legal description of the property to be sold. It is clear that the Julians and Hidalgos were fully cognizant of what property was to be involved in the sale. We find that the description of the property in the agreement to purchase and sell is sufficient for the parties involved.

Lesion
The issue raised by the Julians' final assignment of error is whether the contract should be voided because the sale price of $14,000.00 is lesionary. The Civil Code provides for rescission of the sale of an immovable when the price is less than one-half the fair market value of the immovable. La. Civ.Code art. 2589. The seller claiming lesion beyond moiety must prove this by clear and convincing evidence. Wilson v. Wilson, 94-1552 (La.App. 3 Cir. 5/3/95); 657 So.2d 214. The trial court's finding of fact on this issue is also subject to the manifest error, clearly wrong standard of review. See Rosell v. ESCO, 549 So.2d 840 (La.1989).
The trial court found that the appraisal presented by the Julians was not an accurate appraisal of the value of the property because it was premised on the assumption that the property was not structurally damaged or termite infested. The Julians failed, however, to present any evidence that contradicted the existence of structural damage found by the Alamo Insect Control inspector, Chris Pumpelly. After a thorough review of the record, we find that the trial court's findings are reasonably supported by the record and are not manifestly erroneous. The Julians failed to prove by clear and *503 convincing evidence that the sale of their immovable property for $14,000.00 is less than one-half of the actual market value of the property; therefore, the sale will not be set aside for lesion beyond moiety.

IV.

CONCLUSION
The Julians failed to prove that the Hidalgos' contention regarding the condition of the home was erroneous and, therefore, failed to establish that their consent to the contract had been vitiated. Further, their contention that the contract was invalid because it failed to contain an adequate description of the immovable property is without merit. Both parties were fully apprised of the property that was the subject of the agreement to purchase and sell. Finally, the Julians failed to prove by clear and convincing evidence that the sale price of $14,000.00 was less than one-half of the actual market value of the property. Therefore, the sale cannot be deemed lesionary.
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by defendants-appellants, Henry Lee Julian and Frances H. Julian.
AFFIRMED.