JAMES F. McKAY III, Judge.
| ]Harris Builders, LLC was awarded a Public Works contract with the State Division of Administration in February of 2008 to perform post-Katrina repair and renovation of the Pass-a-Loutre/Dennis Pass WMA. On March 11, 2008, French’s Welding & Maintenance Services, LLC executed a subcontract to perform a portion of the work under Harris Builders’ contract. French’s attorney, Marcus L. Giusti, reviewed this contract prior to its execution and advised his client that the arbitration clause should be deleted. However, Harris Builders insisted that the provision was required under the State’s Public Works contract and thus could not be deleted. Based upon this representation as well as Mr. Giusti’s review of what Harris Builders said was their contract with the State, French’s signed the subcontract. Despite subsequent requests, French’s did not receive a copy of the fully executed document signed by Harris Builders.
Work began pursuant to the contract and French’s received periodic payments at least through July of 2008. Disputes concerning Harris Builders’ delay in payments and/or French’ performance subsequently arose, resulting in |2French’s decision in October of 2008 to stop work on the project and to record a lien against Harris Builders’ proceeds under the State contract. After mediation failed, Harris Builders notified French’s in January of 2009 that it was invoking the arbitration clause in their contract. During the discovery proceedings in preparation for arbitration, Mr. Giusti learned that the State had deleted the arbitration clause from its contract with Harris Builders and that Harris Builders had not executed the subcontract signed by French’s.
On July 27, 2009, French’s filed suit seeking damages as well as an injunction prohibiting arbitration of the parties’ disputes under the March 11, 2008 subcontract. French’s asserted that the arbitration agreement was not binding and was not enforceable because Harris Builders never signed the contract containing the arbitration provision. French’s also contended that because Harris Builders misrepresented the necessity for retaining the arbitration clause and did not furnish a complete copy of its contract with the State, French’s consent to arbitrate was vitiated. The trial court agreed with French’s and issued a preliminary injunction on October 30, 2009. It is from this judgment that Harris Builders takes this appeal.
On appeal, Harris Builders raise seven assignments of error.[1] However, *1150 the only issue before this Court is whether the trial court erred in granting French’s | ¡¡petition for a preliminary injunction. The issuance of a preliminary injunction shall not be disturbed upon review unless a clear abuse of discretion has been shown. Concerned Citizens for Proper Planning v. Parish of Tangipahoa, 2004-0270 (La.App. 1 Cir. 3/24/05), 906 So.2d 660.
In its reasons for judgment, the trial court found that French’s was “misled and coerced into agreeing to arbitration because the defendant misrepresented that arbitration was required under the state’s contract, and failed to furnish the complete copy that showed the arbitration clause had, in fact, been deleted from the Public Works contract.” The trial court found that an error of consent exited, and thus the arbitration agreement was invalid and unenforceable. The trial court also noted that because Harris Builders never signed the contract with French’s, there was no clear mutual consent to submit all disputes to arbitration.
Not all arbitration provisions are valid under state law; rather, the application of arbitration law presupposes the existence of a written agreement not subject to any grounds at law or in equity for its revocation. Abshire v. Belmont Homes, Inc., 2004-1200 (La.App. 3 Cir. 3/2/05), 896 So.2d 277. In the instant case, we do not have a written agreement signed by all of the parties. French’s also entered into its contract with Harris Builders based on error. Error vitiates consent. See La. C.C. art. 1948 and La. C.C. art. 1949. Accordingly, we find no |4abuse of discretion in the trial court’s granting of the preliminary injunction in this matter.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
LOMBARD, J., dissents.

. The defendant contends that the trial court erred by: 1) failing to deny injunctive relief and dismiss French's claim for permanent injunctive relief because (despite any vice of consent that may have vitiated French’s agreement to arbitrate) French fully and voluntarily participated in the arbitration even after French became aware of the vice of consent, thus, by law, confirming French's agreement to arbitrate; 2) holding that Harris’s actions after French executed the subcontract at issue vitiated French's prior consent to the arbitration clause in the subcontract; 3) failing to reject French’s claims of error and fraud because subsequent to the alleged fraudulent acts, the parties eliminated the contract document that is the source and object of French's fraud and error claims from the subcontract; 4) failing to deny injunctive relief and dismiss French’s claim for permanent injunctive relief because French did not establish an intent on the part of Harris to obtain an unjust advantage or cause inconvenience or loss to French, as required by law to establish fraud; 5) failing to deny injunctive relief and dismiss French’s claim for permanent injunctive relief because *1150 French could have reasonably ascertained, and actually did ascertain, that the information on which it alleges it relied to establish fraud was incorrect; 6) holding that the absence of Harris's signature on the subcontract vitiated Harris’s consent to arbitration; and 7) considering whether the absence of Harris’s signature vitiated the subcontract because, by law, the court is prohibited, and that determination is expressly reserved for the arbitrator.