TERRI F. LOVE, Judge.
11 This appeal arises from the issuance of a permanent injunction against Harris Builders, L.L.C. prohibiting any further action from being taken in furtherance of arbitration proceedings. French’s Welding & Maintenance Services, L.L.C. entered into a subcontract to perform work contracted by the State of Louisiana with Harris Builders, L.L.C. The trial court found that no written agreement signed by all parties existed and that error vitiated the contract. We find that the trial court did not commit manifest error in finding that no written agreement existed and that error vitiated consent because French’s Welding & Maintenance Services, L.L.C. was unaware that the State was not subject to arbitration and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This Court previously summarized the relevant facts in the previous appeal on the issuance of a preliminary injunction as follows:
Harris Builders, LLC was awarded a Public Works contract with the State Division of Administration in February of 2008 to perform post-Katrina repair and renovation of the Pass-a-Lou-tre/Dennis Pass WMA. On March 11, 2008, French’s Welding & Maintenance Services, LLC executed a subcontract to perform a portion of the work under Harris Builders’ contract. French’s attorney, Marcus L. Giusti, reviewed this contract prior to its execution and advised his client that the arbitration clause should be deleted. However, Harris Builders insisted that the provision was required under the State’s Public Works contract and thus could not be | {.deleted. Based upon this representation as well as Mr. Giusti’s review of what Harris Builders said was their con *718 tract with the State, French’s signed the subcontract. Despite subsequent requests, French’s did not receive a copy of the fully executed document signed by Harris Builders.
Work began pursuant to the contract and French’s received periodic payments at least through July of 2008. Disputes concerning Harris Builders’ delay in payments and/or French’ performance subsequently arose, resulting in French’s decision in October of 2008 to stop work on the project and to record a lien against Harris Builders’ proceeds under the State contract. After mediation failed, Harris Builders notified French’s in January of 2009 that it was invoking the arbitration clause in their contract. During the discovery proceedings in preparation for arbitration, Mr. Giusti learned that the State had deleted the arbitration clause from its contract with Harris Builders and that Harris Builders had not executed the subcontract signed by French’s.
On July 27, 2009, French’s filed suit seeking damages as well as an injunction prohibiting arbitration of the parties’ disputes under the March 11, 2008 subcontract. French’s asserted that the arbitration agreement was not binding and was not enforceable because Harris Builders never signed the contract containing the arbitration provision. French’s also contended that because Harris Builders misrepresented the necessity for retaining the arbitration clause and did not furnish a complete copy of its contract with' the State, French’s consent to arbitrate was vitiated. The trial court agreed with French’s and issued a preliminary injunction on October 30, 2009.
French’s Welding & Maint. Serv., L.L.C. v. Harris Builders, L.L.C., 10-0089, pp. 1-2 (La.App. 4 Cir. 8/11/10), 45 So.3d 1148, 1149; reh’g denied (Sept. 15, 2010), writ denied sub nom. French’s Welding & Maint. Serv., L.L.C, v. Harris Builders, L.L.C, 10-2345 (La.12/10/10), 51 So.3d 732. This Court found that the trial court did not abuse its discretion in granting the preliminary injunction and affirmed. French’s, 10-0089, pp. 3-4, 45 So.3d at 1150.
After a hearing, the trial court granted French’s Welding & Maintenance Services, L.L.C.’s (“French’s”) request for a permanent injunction. The trial court |sheld that the arbitration proceedings were declared “null, void and unenforceable.” The trial court stayed and prohibited “Harris Builders, L.L.C. and their arbitrators, employees, officers and agents, ... from taking any further action or proceedings in furtherance of the Arbitration Proceedings.” Harris Builders, L.L.C.’s (“Harris”) appeal followed.
Harris contends that no irreparable harm exists and that the trial court did not have jurisdiction to consider French’s’ request for injunctive relief.

STANDARD OF REVIEW

Appellate courts review a trial court’s granting of a permanent injunction utilizing the manifest error standard. Mary Moe, L.L.C. v. Louisiana Bd. of Ethics, 03-2220, p. 9 (La.4/14/04), 875 So.2d 22, 29. “The issuance of a permanent injunction takes place only after a trial on the merits in which the burden of proof is a preponderance of the evidence.” Id.

PERMANENT IN JUNCTION

Harris asserts that no irreparable harm existed to warrant a permanent injunction and that the trial court did not have jurisdiction to consider French’s’ re *719 quest.[1] The only issue before this Court is whether the trial court committed manifest error in granting French’s a permanent injunction.
At the hearing on the permanent injunction, Paul Guidry, a fifty-percent owner of French’s testified that French’s believed the primary contract between the State and Harris contained an arbitration clause. Marcus Giusti, French’s attorney, advised Mr. Guidry to request the removal of the arbitration clause contained in the draft of the subcontract between French’s and Harris. Mr. Guidry stated that he|4signed the original subcontract with the arbitration clause because he was informed that removing the clause would defect Harris’ contract with the State and that French’s wished to be paid for the services French’s already rendered and all future services provided. However, Mr. Guidry testified that he would not have signed the subcontract if he knew the primary contract did not require the State to arbitrate. Mr. Guidry did not discover that the State was not required to arbitrate until after arbitration proceedings began.
Mr. Giusti testified that he possessed no full copy of the contract between the State and Harris because he trusted a former vice-president at Harris.[2] Like Mr. Gui-dry, Mr. Giusti was unaware that the State did not have to participate in arbitration until after the arbitration proceedings began. Mr. Giusti also testified that Harris never signed the subcontract.
Lloyd Harris, the president and chief executive officer of Harris, testified that he believed he signed the subcontract, but did not possess a signed copy. Mr. Harris also stated that he was unaware that the State was not required to arbitrate.
Following the testimony, the trial court stated:
The court is going to rule in favor of the plaintiff, French Weldings & Maintenance Services, and against the defendant, Harris Building, LLC, declaring that the arbitration proceedings be null, void, and unenforceable and issuing a permanent injunction against them and their arbitrators, employees, officers, and agents, staying and prohibiting them from taking and farther action or proceeding in furth — furtherance of the arbitration proceedings.
The court notes that not all arbitration provisions are valid under state law. Louisiana has enacted the Louisiana Arbitration Law, with regards to the validity of arbitration agreements in Revised Statutes 9:4201 and 4202. The court finds the application of the arbitration law presupposes the existence of a written agreement.
lBThe court also notes that Louisiana courts have found that arbitration is a restriction of a party’s access to courts and consent to such a process should not be casually presumed. The court finds that a written agreement signed by all parties do [sic] not exist in this case. Thus, the court finds that the arbitration agreement is not valid.
Assuming I am wrong with that statement, the court further finds that, if it would be find [sic] that there is a written agreement and it’s a valid arbitration agreement, that French’s enter [sic] into the arbitration agreement with Harris based on error. Error vitiates consent, *720 referring to Civil Code Articles 1948 and 1949.
The court finds that French received informa — incorrect information from Harris Building regarding that the state required arbitration under this contract. French would not have entered into the arbitration agreement but for this incorrect information that French received from Harris Building.
We agree. Not “ ‘all arbitration provisions are valid under state law.”’ Abshire v. Belmont Homes, Inc., 04-1200, p. 9 (La.App. 3 Cir. 8/2/05), 896 So.2d 277, 284, quoting Rodriguez v. Ed’s Mobile Homes of Bossier City, La., 04-1082, p. 3 (La.App. 3 Cir. 12/8/04), 889 So.2d 461, 463. “[R]ather, the application of arbitration law presupposes the existence of a written agreement not subject to any grounds at law or in equity for its revocation.” French’s, 10-0089, p. 3, 45 So.3d at 1150.
Importantly, “[o]ne of the conditions of a valid contract is the consent of both parties. Consent may be vitiated by error. Error can ‘invalidate a contract if it is related to the princip[al] cause, or motive, for making the agreement’ [Scott v. Bank of Coushatta, 512 So.2d 356, 361 (La.1987) ] and is ‘known or should have been known to the other party.’ [Hidalgo v. Julian, 98-83, p. 7 (La.App. 3 Cir. 5/20/98), 715 So.2d 498, 501.] Cause is the ‘reason why a party obligates himself.’ [La.Civ.Code art. 1967.]” Id. at 464 (footnote omitted).
Abshire, 04-1200, pp. 9-10, 896 So.2d at 284.
The case sub judice, as this Court noted in the previous appeal, does not | Rcontain a contract with an arbitration clause signed by all parties. In fact, Harris did not sign the subcontract with French’s. As the testimony demonstrates, discrepancy exists as to French’s’ knowledge and whether Harris kept knowledge of the State’s contract and its lack of an arbitration provision from French’s. Forcing a party to arbitrate when the record contains evidence of error, lack of consent, and the alleged secreting of the State’s contract under the facts and circumstances of this case could result in irreparable harm. Therefore, we do not find that the trial court committed manifest error in its factual findings, which led to the issuance of a permanent injunction and affirm.

DECREE

For the above-mentioned reasons, we find that the trial court did not commit manifest error in granting French’s’ request for a permanent injunction and affirm.
AFFIRMED
BONIN, J., concurs in the result.

. Harris contends that French’s is challenging the entire subcontract. However, French’s contests the validity of the arbitration clause based on alleged misrepresentations and that the State’s contract did not include an arbitration clause.

. The former vice-president has since passed away.